POINDEXTER CHERRY, plaintiff in error, *vs.* WILLIAM A. RAWSON, defendant in error.

1. Where a plea was filed to a note executed in October, 1861, and due January 1st, 1863, setting up what the consideration of the note was, its value at the time of purchase, and since, and that it was worth less than the amount specified in the note, and claimed that it should be scaled under the Ordinance of 1865:

*Held*, That the defendant should have been allowed to go to the jury on the plea, and to have proven what equities he was entitled to under said Ordinance.

2. A plea, although filed in 1866, to a suit on a contract, when the case was not tried until 1872, should have been sworn to before the trial, and a demurrer to the plea, on the ground that it was not sworn to, was properly sustained.

Scaling Ordinance. Pleading. Practice in the Superior Court. Before Judge HARRELL. Stewart Superior Court. October Term, 1872.

Rawson brought complaint against Cherry, as security, upon the following note:

"$2,336 29.                    LUMPKIN, October 19th, 1861.

"On the first day of January, 1863, I promise to pay W. A. Rawson, or bearer, twenty-three hundred and thirty-six dollars and twenty-nine cents, for value received, to be paid in good average lint cotton, at the warehouse in Florence, in good order, by the first day of February, 1863, and if not so delivered, and cotton sells at higher rates after that time in Florence, then I promise to pay said Rawson the difference over ten cents.

(Signed)                    "J. J. DAY,

                              "P. CHERRY, security."

The defendant pleaded as follows: 1st. The general issue. 2d. That the note was given in part payment for certain lands, the entire price of which was $3,800 00, $1,500 00 having been paid in cash, which was more than the land was at any time worth; that he desires the debt scaled under the Ordinance of 1865.

Upon demurrer to the second plea, it was stricken, and defendant excepted.

There was another plea filed in 1866, which was not sworn to, defendant contending that, having been filed before, it did not come under the operation of the provisions of the Constitution of 1868. Upon demurrer, it was also stricken, and defendant excepted.

The case went to the jury upon the plea of the general issue. A verdict was returned for the full amount of the note sued on, with interest, except for the four years covered by the war.

The defendant assigns error upon each of the aforesaid grounds of exception.

E. H. BEALL; M. J. CRAWFORD, for plaintiff in error.

Cherry *vs.* Rawson.

J. L. WIMBERLY; BLANDFORD & CRAWFORD, for defendant.

TRIPPE, Judge.

1. The Scaling Ordinance of 1865 provides, "that all contracts made between the first of June, 1861, and the first of June, 1865, whether expressed in writing or implied, or existing in parol and not yet executed, shall receive an equitable construction, and either party, in any suit for the enforcement of any such contract, may, upon the trial, give in evidence the consideration and the value thereof at any time; and the intention of the parties as to the particular currency in which payment was to be made, and the value of such currency at any time, and the verdict and judgment rendered shall be on principles of equity." By the terms of the Ordinance, the defendant was entitled to go to the jury with his plea. He may not be entitled to claim a reduction of the amount he promised to pay, from the simple fact that the agreement was to pay an amount more than the land was worth. But the Ordinance says that in any suit for the enforcement of any contract made within the period specified, either party may give in evidence the consideration and its value, and the intention of the parties as to the currency in which payment was to be made, and its value. The plea states the consideration and its value, and asks that a scaling be made under the Ordinance. In the opinion of some of the Court, the date of the note furnishes a presumption as to the intention of the parties in regard to the currency in which payment was to be made. However, we do not so decide, but hold that, under the plea and the terms of the contract, executed at the time it was, and payable at the date therein fixed, the defendant should have been permitted to have gone to the jury with such rights as he could have established under the provisions of the Ordinance.

2. Although the other plea of defendant was filed in 1866, before such pleas were required to be under oath, yet we think

that the proper construction of the Constitution of 1868, on that point, now makes it necessary that they should be sworn to before trial, and they are subject to be stricken if not sworn to. No harm can result to a defendant under such a construction, and all the benefit intended to be obtained by the change of the law will be secured.

Judgment reversed.