B. F. BRIDGES & SON ET AL. V. FIRST NATIONAL BANK OF CENTER.

Decided November 11, 1907.

**1.—Attachment—Motion to Quash.**

Where, in an attachment suit, the affidavit and bond correctly give the style of the suit, the court in which the same is pending and the term of the court to which the suit is brought, omitting only the number of the case, a motion to quash the attachment on the ground that the affidavit and bond do not identify the suit, is properly overruled.

**2.—Attachment Bond—Obligee.**

When there are several defendants in an attachment suit, but the attachment is not sued out as against all the defendants, the bond should be made payable to those only against whose property the writ issues.

**3.—Attachment—Affidavit—Partnership.**

Where an attachment is sued out against a partnership, the names of the partners being given, it is not necessary to charge in the affidavit that each of the partners composing the firm, was about to dispose of his property.

**4.—Attachment Bond—Signature of Corporation.**

In an attachment suit by a corporation the attachment bond was signed with the name of the corporation without showing what officer of the corporation signed the same, and the signature was made by the typewriter. Held, sufficient.

Appeal from the District Court of Shelby County. Tried below before Hon. James I. Perkins.

*Blount & Garrison,* for appellants.—The affidavit for an attachment must identify the suit in which same is made, and the parties, with certainty; and this must appear in and be tested by the affidavit itself. Focke, Wilkens & Lange v. Hardeman, 67 Texas, 175; Perrill & Fox v. Kaufman & Runge, 72 Texas, 215; Kildare Lumber Company v. Atlanta Bank, 91 Texas, 103; Rohrbrough v. Leopold, 68 Texas, 257; Gunst v. Pelham, 74 Texas, 586; Sarrazin v. Hotman, 40 S. W. Rep., 629.

The affidavit for attachment should state that the defendants (who owe the debt) are about to dispose of their property, etc., or if not all, then explain as to the codefendants. Sayles' Civ. Stats., art. 186.

The name of a corporation to an instrument such as a contract, deed or bond, should be signed, followed by the signature of some officer of said corporation having authority, and showing that same was signed by him. Cook on Corporations (5th ed.), sec. 722.

REESE, ASSOCIATE JUSTICE.—The First National Bank of Center instituted this suit against B. F. Bridges & Son, a firm composed of B. F. Bridges and W. A. Bridges, and against said B. F. Bridges and W. A. Bridges in their individual capacity, and the Crescent Lumber Company, upon a promissory note for $2,750, executed by Bridges & Son and endorsed by the Lumber Company.

An attachment was sued out against Bridges & Son which was levied upon certain real estate belonging to B. F. Bridges. The Lumber

Company did not answer. Bridge & Son answered, pleading payment, and B. F. Bridges, by plea in reconvention, claimed damages for the wrongful, illegal and malicious suing out of the attachment.

Upon trial plaintiff had judgment for the amount due upon the note, $3,508.54, and defendant B. F. Bridges recovered judgment on his plea in reconvention for $1,800. Bridges & Son appeal. No briefs for appellee are on file.

By proper assignments of error appellants contend that the court erred in refusing to quash the attachment upon their motion, on the ground that the affidavit and bond do not identify the suit in which the attachment is sought. Both affidavit and bond give correctly the style of the suit, the court in which the same is pending, and the term of the court to which the suit is brought, omitting the number of the case only. We do not think that the number of the case is essential to be stated in the affidavit or bond where they contain other matter which clearly shows the case in which the attachment is sought. We notice that the affidavit and bond, as shown by the record, were endorsed on the back with both style and number of the case, which would meet appellant's objection if it were otherwise tenable. (Munzenheimer v. Manhattan Cloak Co., 79 Texas, 320).

In the case of Rohrbrough v. Leopold (68 Texas, 257), relied upon by appellants, the suit was against J. E. Rohrbrough and J. I. Franklin. The bond gave the style of the case as Leopold Bros. & Co. v. —— ——. The names of the defendants were not given in the bond, which was made payable to J. E. Rohrbrough and J. I. Franklin, but they were not described as defendants. The case is very different from the one we are considering. There was no error in overruling the motion to quash on the grounds stated, and the assignments of error presenting the question are overruled.

The further objection was made to the attachment bond that it recites that the sole defendants are B. F. Bridges & Son, a firm composed of B. F. Bridges and W. A. Bridges, while the Crescent Lumber Company and J. C. Bates were also defendants. The bond recites that B. F. Bridges & Son and B. F. Bridges and W. A. Bridges, to whom it is payable, are defendants in the suit, not that they are the defendants, or the only defendants. It was unnecessary to name the other defendants. The objection is without merit.

It is further objected to the affidavit that it charges only that the firm of B. F. Bridges & Son and the members of that firm are about to dispose of their property, and does not charge that either or both of said individual members composing the firm are about to dispose of their property. The affidavit sets out that the defendants B. F Bridges & Son, composed of B. F. Bridges and W. A. Bridges, a private partnership, are justly indebted to the plaintiff, and that "said defendants named in the affidavit are about to dispose of their property," etc. It was not necessary to charge that each of said defendants composing the firm was about to dispose of his property. The objection was properly overruled.

It was also objected to the bond, as a ground for quashing the attachment, that it was not signed by the plaintiff. The bond was signed simply "The First National Bank of Center, Texas," without the ad-

dition of the name of the particular officer by whom it was signed. We think such signature sufficient. Certainly the plaintiff, after causing the issuance of the writ of attachment and receiving the benefits thereof, would be estopped to deny that it had signed the bond.

It is further objected that the signature was made by the typewriter. Without the original bond we can not determine whether it was so signed or not. We are not referred, in appellant's brief, to any evidence showing that the bond was so signed. We think, however, that such a signature adopted by the plaintiff would be sufficient.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*