McDANIEL v. CAGE & CROW. (No. 8769.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 12, 1918. Rehearing Denied Feb. 16, 1918.)

1. GUARANTY 🗝16(1)—CONSIDERATION.
The extension of a note, or the release of security, is sufficient consideration for written guaranty of the note.

2. GUARANTY 🗝92(1) — ACTION — QUESTION FOR COURT—CONSIDERATION.
In action on written guaranty of a note, where the evidence as to valuable consideration for the guaranty by extension of the note was in the main undisputed, the issue of consideration was one of law for the court.

3. GUARANTY 🗝17—FAILURE OF CONSIDERATION.
Where, in consideration of written guaranty of note of guarantor's deceased brother, the noteholder extended the note and waived a lien on deceased's horses under the mortgage securing the note, which horses the guarantor's son was to use in hauling to secure funds to pay the note, the consideration for the guaranty did not fail because the deceased brother's administrator took possession of the horses.

4. ATTACHMENT 🗝154—WRIT—AMENDMENT.
The rule allowing amendment of writs of attachment to remedy clerical errors does not permit correction of a clerical error in reciting in the writ an amount in excess not only of the amount recited in the affidavit, but also in excess of the jurisdiction of the court, for the amount recited in the writ is a jurisdictional allegation, and, if in excess of jurisdiction, renders the writ void, not only as to the excess, but in toto, and therefore incapable of amendment.

Appeal from Erath County Court; W. E. Bower, Judge.

Suit by Cage & Crow against W. O. McDaniel. From judgment for plaintiff, defendant appeals. Reformed and affirmed.

G. O. Bateman, of Dublin, and R. L. Thompson, of Austin, for appellant. J. A. Johnson and P. L. Pittman, both of Stephenville, for appellee.

BUCK, J. This suit was brought by appellees, a banking partnership, against appellant on the following guaranty:

"Cage & Crow, Bankers, Stephenville, Texas —Gentlemen: You are the owners of a certain note for $107.50, dated December 27, 1913, due October 1, 1914, signed by H. L. McDaniel and payable to the order of ————, together with interest from date, and for and in consideration of the extension of said note by you as agreed upon, which is to be paid by my son out of his wages for cotton seed hauling, and in such' consideration I hereby guarantee you the payment of said note in full on January 1, 1915, or any balance that might be due on same at that time. Witness my hand at Stephenville, Texas, this the 4th day of October, 1914. W. O. McDaniel. Witness: W. S. Watson."

The evidence discloses that H. L. McDaniel, maker of the original note, was the brother of appellant, and that prior to the maturity of said original note and before the execution of the above guaranty, said H. L. McDaniel died. The original note was given to one R. L. Hale for the purchase price, in part, of two horses and a wagon, and a mortgage to secure the note was given on said property and one bale of cotton. Subsequent to H. L. McDaniel's death, his widow, appellant, and appellant's son Gus, a minor, agreed among themselves that the widow should sell and turn over to the son of appellant the horses covered by the mortgage, and that W. O. McDaniel and his son should assume the payment of the note to the bank, appellees here. The son should use the horses in hauling, and thereby earn money with which to pay the note. After the execution of the guaranty by appellant, the administrator of the estate of H. L. McDaniel took possession of the team, and they were sold. Appellees sued out a writ of attachment in the justice court, where this suit originated, and under the writ the officer levied an attachment on five certain mules of the stated value of $425 as the property of appellant. One Chas. McLaren, the son-in-law of appellant, filed his claimant's affidavit and bond, with W. H. Frey and John W. Frey as sureties, and recovered possession of three of the mules theretofore levied upon, and appellant replevied the other two.

The trial court instructed a verdict for plaintiff, and from a judgment in favor of plaintiff in the sum of $156.25, decreeing a foreclosure of the attachment lien as to three of the mules, the court finding that the other two were exempt property, the defendant has appealed.

[1, 2] We do not think there is any merit in the contention set forth in the first assignment that the trial court should have instructed a verdict for defendant on the ground that the evidence showed that the written guaranty sued on was executed by the defendant without any legal consideration therefor, or the contention made under the second assignment, to the effect that a peremptory instruction should have been given, because the undisputed evidence showed .the consideration, if any, had failed prior to the filing of the suit. Appellant cites no authorities under either of these assignments to sustain them, nor in fact, is any authority cited under any of appellant's five assignments. The extension of a note, or the release of security, would be sufficient consideration in law. Bishop on Contracts (2d Ed.) § 38, and authorities thereunder; Rose et al. v. Railroad Co., 31 Tex. 49; James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743. Therefore we overrule assignments 1 and 2, and also 3, which urges that it was a question of fact for the jury as to whether the instrument sued on was supported by a valuable consideration. The evidence on this phase of the case being in the main undisputed, the issue became one of law for the court. The appellant testified:

"He [meaning Gus, the son of appellant] kept the horses and handled and hauled with them until they took them. I stated here to the jury that I thought it would be all right for him to have the horses. I didn't have any use for them, but I thought it would relieve the woman [meaning the widow of H. L. McDaniel]. Yes, sir; it would have been a benefit to me to have relieved the woman. I told you that I signed the agreement at the time I did sign it in order to get an extension of the time on the note."

[3] For the reasons given, we also overrule appellant's fifth assignment, which urges that it was a question of fact for the jury as to whether the consideration for the execution of the instrument of guaranty had failed in whole or in part. The fact that subsequent to the execution of the written guaranty the administrator of the estate of H. L. McDaniel took the horses from appellant's son could not affect the question of the sufficiency of the original consideration. Appellees having already extended the note and having waived their lien on the horses under the mortgage, which lien they had the right to assert as against the administrator, it cannot be reasonably contended that the consideration for the execution of the guaranty failed because the administrator thereafter took possession of the team. It is not a question as to whether or not the son was permitted to keep the horses, but the question is, Were appellees placed in a position different from that originally occupied by them? We think under the uncontroverted evidence that question must be answered in the affirmative.

[4] Under the fourth assignment appellant urges that the trial court erred in overruling defendant's motion to quash the writ of attachment, dated November 30, 1915, and in sustaining the motion of the plaintiff to amend said writ. The affidavit of plaintiffs below for the writ showed that the indebtedness claimed was $139.73, and the bond was made in double that amount, to wit, $280. The writ of attachment issued by the justice of the peace commanded the officer to attach "so much of the property of W. O. McDaniel * * * as shall be of value sufficient to make the sum of two hundred and

seventy-nine and 46/100 dollars and the probable costs of suit." Under appellees' motion to correct the writ, it was alleged that the amount recited in said writ was a clerical error, and that in truth and in fact the amount should have been placed in said writ in the sum of $139.73. It has been held that clerical defects and errors in the writ may be amended so as to make it conform to the petition, where no third party is interested, or likely to be injured by the amendment. Porter v. Miller, 7 Tex. 468; Martin-Brown & Co. v. Milburn, 2 Willson, Civ. Cas. Ct. App. §§ 214, 215. Also that the writ of attachment may be amended by inserting the amount of plaintiff's demand when omitted from oversight by the clerk. Munzenheimer v. Manhattan Cloak Co., 79 Tex. 318, 15 S. W. 389. In the last-cited case Chief Justice Stayton for the court said:

"Under the liberal rules as to amendment, even of writs of attachment, which have prevailed in this state, we are of opinion, however, that the court did not err, under the facts of this case, in permitting the writ to be amended as it was; and it may be that the levy should be given effect only from the time the writ was amended. When the officer levied the writ in this case there was no interference with the possession of the property, which was in his hands as sheriff by reason of levies of other writs, and no injury could result to appellants from the amendment. The writ was valid at least from the time it was amended."

See, also, Bridges et al. v. Bank, 47 Tex. Civ. App. 454, 105 S. W. 1018. In 6 C. J. p. 189, it is said:

"A variance as to the amount of the claim affords no ground for setting aside the attachment where the amount stated in the writ is less than that demanded in the complaint or summons, for in such case defendant cannot be prejudiced, and where the writ and complaint corresponded, although the amount named in the affidavit was smaller, it was held that a motion to quash the writ was properly denied where plaintiff amended his bond to correspond to the larger amount. But a writ for an amount in excess of plaintiff's claim is improper and voidable as to the excess."

But in the instant case the amount recited in the writ is not only in excess of the amount recited in the affidavit, but is an amount in excess of the jurisdiction of the justice court. Statutes allowing amendments to writs of attachment relate only to such defects as would not render the process absolutely void. Where the writ is void, it is a nullity, and to amend in such a case would be to create a new writ, giving it a retroactive effect. Clawson v. Sutton Gold Mining Co., 3 S. C. 419; Whitney v. Brunette, 15 Wis. 61. While our statutes do not specifically provide for the amendment of writs of attachment, yet the rule of decisions permits such amendments when the defect is one of mere clerical omission or oversight, as shown in the cases heretofore cited. The amount recited in the writ was a jurisdictional allegation, and since this amount was in excess of the justice court jurisdiction, we are

of the opinion that the writ was void, not only as to the excess, but in toto. In Greer v. Richardson Drug Co., 1 Tex. Civ. App. 634, 20 S. W. 1127, it was held that where the affidavit for attachment and writ both stated the correct amount of plaintiff's claim, the petition, which by mistake demanded a less amount, might be amended after the issue of the writ to support the attachment. In this connection Judge Head, speaking for the court, said:

"It will be noted that the amendment was of the petition, and not of the affidavit or writ of attachment."

In that case, as in this, the error as to the amount was one which, in the absence of an amendment, would have affected the jurisdiction of the court. By the language used, it is evident that the court did not wish to be understood as holding that a writ stating an amount beyond the jurisdiction of the court could be amended. While article 1824, V. S. Texas Civil Statutes, provides for the amendment of pleadings, yet, as before stated, there is no special statutory authority for the amendment of a writ. This distinction is recognized in Tarkinton v. Broussard, 51 Tex. 550. For an illuminating discussion of the subject of amendments as applied to attachments, see Sydnor v. Chambers, Dallam, Dig. 601. In the case cited in Drake on Attachments, § 284, it was held that where, by a slip of the pen in making out the writ, the command to the officer was to attach property to the value of $6 only, and with the consent of the defendant the writ was amended to read $600, that a subsequent attacher was not affected by the amendment.

For the reasons given, we are constrained to hold that the trial court erred in failing to sustain appellant's motion to quash the writ. The judgment will be reformed so as to exclude therefrom the decree of foreclosure of the attachment lien. The judgment against appellant for the debt is affirmed. It follows that the judgment against the sureties on the replevy bond, to wit, W. H. and John W. Frey, must be set aside, inasmuch as their liability was dependent upon the sustaining of the trial court's conclusion and judgment with reference to the amendment of the attachment writ, and its subsequent sufficiency and validity.

Reformed and affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.