## 14111. BLACKWELL *v.* PERSONS.

That the notice of intention to sue was signed in typewriting did not render it insufficient under section 4252 of the Civil Code of 1910.

DECIDED MARCH 7, 1923.

Complaint; from Jasper superior court — Judge Park. November 20, 1922.

From the evidence it appeared that the notice in question was dictated by one of the plaintiff's counsel to their stenographer, who wrote the notice on a typewriter, signing in type the plaintiff's name " by his attorneys at law, A. Y. Clement & Doyle Campbell."

Citations by counsel: Civil Code (1910), § 4252; 40 Cyc. 2869-70; L. R. A. 1917B, 281; 54 Wis. 214 (11 N. W. 534); 125 Iowa, 518; 64 Ill. App. 179; 48 Cal. 413; 142 *Ga.* 850; 104 Ind. 96 (53 Am. Rep. 491).

*W. S. Florence,* for plaintiff in error.

*Clement & Campbell,* contra.

LUKE, J. 1. Section 4252 of the Civil Code provides that " obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same; provided, the holder of the obligation sued upon, his agent or attorney notifies the defendant in writing ten days before suit is brought of his intention to bring suit, and also the term of court to which suit will be brought." The sole question raised in this case is whether or not the notice given under the above section can be signed on a typewriter. The notice given for the collection of attorney's fee was in accord with the provisions of section 4252, and its receipt by the maker of the note as provided by law, though the name of the holder of the note and his attorneys at law were in type, is a sufficient compliance with the statute with respect to the giving of the notice in writing to the defendant of the intention to bring suit upon the note, and of the term of court to which the suit will be brought.

2. The court did not err in directing a judgment for the principal, interest, and attorney's fees.

3. This court not being convinced that the writ of error in this case was prosecuted for the purpose of delay only, the request of the defendant in error that damages for such delay be awarded him is denied.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*