14114. BANK OF RINGGOLD *v.* POARCH.

Signature may be made with a typewriter; and in this case the type-written names of counsel for the plaintiff in error, at the top of the page following the page on which the bill of exceptions ends, are sufficient as signatures of the bill of exceptions.

On the rule to distribute the fund in the sheriff's hands the court did not err in awarding priority to the execution in favor of the defendant in error.

DECIDED APRIL 10, 1923.

Money rule; from Catoosa superior court — Judge Tarver. September 16, 1922.

The bill of exceptions ended at the bottom of a page; where blank spaces for signatures were left above typewritten lines. Typewritten names appeared at the top of the next page, as follows:·

M. L. Harris,

   Ringgold, Georgia.

McClure & McClure,

   Chattanooga, Tenn.

}Counsel for plaintiff in error.

*M. L. Harris, McClure & McClure,* for plaintiff in error.

*W. E. Mann, W. Gordon Mann,* contra.

LUKE, J. 1. Under sections 6139, 6224, and 6332 of the Civil Code (1910), "a paper purporting to be a bill of exceptions, properly certified by the trial judge, but not signed by the plaintiff in error, or his counsel, is not a legal bill of exceptions and cannot be amended in the Supreme Court by attaching the counsel's name thereto." *Lott* v. *Waycross,* 152 *Ga.* 237 (110 S. E. 217), and cases cited.

(*a*) "Words traced with a pen, or stamped, printed, or made legible by any other device whereby such act is for the purpose of putting down a man's name at the end of an instrument to attest its validity, and is adopted by the party whose name is so signed, is a sufficient signature and signing of the instrument to which it is signed." See Bouvier's Law Dictionary, titles "Signature" and "Writing;" Bridges *v.* First National Bank of Center, 47 Texas Civil App. 454 (105 S. W. 1018).

(*b*) A printed signature or one lithographed on an instrument by the party as signed by him is sufficient. Hewel *v.* Hogin, 3 Cal. App. 248 (84 Pac. 1002) ; Cummings *v.* Landers, 140 Iowa, 80 (117 N. W. 22) ; 3 Bouv. Law Dict. 3071.

(*c*) The motion to dismiss the writ of error in this case, upon the ground that it was not signed by the plaintiff or his attorney, is denied. The names of counsel for plaintiff in error are written with a typewriter at the end of the bill of exceptions, but upon the next page, and their post-office address is given as required by the rules of the court, as well as the description "counsel for plaintiff in error." Such a signing of the bill of exceptions was sufficient. (The writer does not agree with the majority view of the court in overruling the motion to dismiss the bill of exceptions. It is not as to the correctness of the rule that a signing

with a typewriter is sufficient that the writer dissents.  My disagreement with the majority view is upon the particular facts of the case.  I am of the opinion that in this case the counsel's names which follow the bill of exceptions appear simply in compliance with the rule of the court which requires that their post-office address be given, so that they may receive the notices provided for by the rules of the court, and were not attached to the bill of exceptions for the purpose of signing it.)

2.  Upon the particular facts of this case, it was not error for the court, on hearing a rule.to distribute money, to direct that a sufficient amount of the funds up for distribution be applied to the satisfaction of the execution in favor of the defendant in error. *Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*