### 17456. HARRIS v. ROOD.

BROYLES, C. J. 1. Under the principle of the ruling in *Bank of Ringgold* v. *Poarch*, 30 *Ga. App.* 102 (117 S. E. 114), the signature of counsel for the plaintiff in error, appearing upon the next page after the end of the bill of exceptions, and dated the same day that the bill of exceptions was certified by the judge, amounted to a signing of the bill of exceptions by such counsel. Therefore the motion of the defendant in error to dismiss the bill of exceptions is denied.

2. The court did not err in overruling the demurrer to the original petition, or in overruling the demurrer to the petition as amended.

3. Upon the trial the plaintiff proved her case as laid and no evidence was introduced by the defendant. It follows that the verdict in favor of the plaintiff was authorized; and as no error of law is complained of, except the overruling of the demurrers to the original and the amended petition, the judgment refusing the grant of a new trial must be and is

*Affirmed. Luke, J., concurs; Bloodworth, J., not participating, on account of illness.*

DECIDED OCTOBER 5, 1926. REHEARING DENIED NOVEMBER 9, 1926.

Complaint; from Peach superior court—Judge Mathews. April 24, 1926.

Application for certiorari was denied by the Supreme Court.

Appeal and Error, 4 C. J. p. 223, n. 35; p. 851, n. 53; p. 905, n. 41; p. 937, n. 6.

A written contract between W. H. Harris and C. M. Rood was as follows: "The said W. H. Harris has this day [July 30, 1920] sold to the said C. M. Rood his entire crop of pecan nuts for the year 1920, now growing on what is known as his Collier Pecan Grove, located about one mile west of Fort Valley, Ga., said grove consisting of about thirty-one acres. Said Harris sells all of his pecan nuts in said grove of the following varieties [named] at 40 cents per pound, the following varieties [named] at 30 cents per pound. All of said nuts are sold f. o. b. cars, Fort Valley, Ga., to be sacked in new double sacks of even weights, and are sold by net weight of nuts. All nuts are to be properly cured and free from trash, runts, and faulty nuts. It is understood and agreed that said W. H. Harris reserves all the nuts grown on this place known as the Alley and enough nuts of the Delmas variety to make the total reserve five hundred pounds. Payment for said nuts is to be made as follows: . . $2,000 cash, the receipt of which is hereby acknowledged, and as nuts are shipped from time to time payment of one half of the amount that said shipment brings, in accordance with the above scheduled prices, is to be made to said Harris when the same are delivered f. o. b. cars, Fort Valley, Ga.; the other one half of said proceeds is to be applied to the payment of $2,000 cash this day paid, and when said sum of $2,000 has been consumed in this way, payment is to be made in full of nuts when delivered f. o. b. cars, Fort Valley, Ga., in accordance with the above-enumerated terms."

In 1923 Mrs. Bessie H. Rood, widow and sole heir at law of C. M. Rood, sued W. H. Harris for $1,328.70 and interest from July 30, 1920, and by her petition as amended alleged, that C. M. Rood, on July 30, 1920, advanced to the defendant $2,000 in cash towards the purchase of a portion of the defendant's pecan crop "from the year 1920" which was grown on the defendant's farm known as the Collier Pecan Grove; that this advance was made under the contract set out above (a copy of which was attached to the petition) ; that under this contract the defendant delivered to C. M. Rood at the contract price pecan nuts of the value of $1,-165.40, on which C. M. Rood paid him the additional sum of $494.10; the balance due on the nuts delivered, of $671.30, being deducted from the $2,000 cash advanced, leaving a balance in the hands of the defendant of $1,328.70; that the defendant agreed

for the deduction from the $2,000 to be made, and promised to pay the said balance due, recognizing both before and after the execution of the said contract that he was obligated to reimburse C. M. Rood for the amount of cash received by him for which nuts were not delivered at the prices named in the said contract; that the defendant failed and refused to deliver any more nuts than the amount hereinbefore stated, although C. M. Rood was ready and willing to take the same, and failed and refused to pay to C. M. Rood or to the plaintiff the balance in cash advanced to the defendant, for which no nuts were delivered as aforesaid, although the defendant agreed to pay the said amount, and the defendant in good conscience was obligated to pay to the plaintiff the amount of cash as aforesaid received by him for which no nuts had been delivered. A copy of an account, showing a balance due as alleged, was attached to the petition.

The defendant demurred to the original petition and to the petition as amended, on the following grounds: (1) No breach of the contract is alleged. (2) The sole obligation of the defendant, under the contract, was to deliver a certain crop of pecans, less a named reservation, and it is not alleged that this obligation was not complied with. (3) Under the contract there is no express or implied liability on the defendant's part to pay money to the other party, but only to deliver the named crop of pecans, the contract showing that the money paid as the consideration of the contract was paid as a bonus to effect the bonus, and to be accounted for only in the event and in proportion as the crop of pecans then growing on the trees might yield at shipping time, and the parties to the contract jointly, to the extent named, sharing the risks incident to the maturing of the crop. (4) No cause of action is set out. To the amendment the defendant demurred further as follows: The amendment states that the defendant "failed and refused to deliver any more nuts than the amount hereinbefore stated," but does not state that any portion of the nuts called for by the contract remained undelivered, and does not allege any failure on the defendant's part to comply with every obligation imposed by the contract. The written contract can not be varied by parol, and no consideration is alleged for any subsequent variation in the contract. Cited by counsel in support of the de-

murrers: 135 *Ga.* 387; 33 *Ga. App.* 742; 10 *Ga.* 560 (1), 561, 563; 93 *Ga.* 773, 775.

*Houser & Mathews,* for plaintiff in error.

*Brown & Brown,* contra.