### 18476.  BELL *v.* PIKE.

BROYLES, C. J.  1.  Under the principle of the ruling in *Bank of Ringgold* v. *Poarch,* 30 *Ga. App.* 102 (117 S. E. 114), the bill of exceptions in the instant case was signed by counsel for the plaintiff in error; and the motion by counsel for the defendant in error to dismiss the bill of exceptions is denied. The request of counsel for the defendant in error that the decision in the *Bank of Ringgold* case be reviewed and overruled is also denied.

2. It is well-settled law in this State that where an action is founded upon an unconditional contract in writing, a plea filed thereto must be sworn to, and in such a case where the plea is not verified it is not error for the court to strike the plea on demurrer. *Cherry* v. *Rawson,* 49 *Ga.* 228 (2). Under this ruling and the facts of the instant case, the court did not err in striking the amended answer on the demurrer interposed,

Appeal and Error, 4 C. J. p. 223, n. 35.
Pleading, 31 Cyc. p. 529, n. 22.

or thereafter in permitting verdict and judgment to be entered up in favor of the plaintiff.　　*Judgment affirmed. Luke, J., concurs.*

DECIDED DECEMBER 14, 1927.

Complaint; from Catoosa superior court—Judge Pittman. August 2, 1927.

*McClure & McClure, T. J. Head,* for plaintiff in error.

*William E. & Gordon Mann,* contra.

BLOODWORTH, J., dissenting. I do not agree with my associates as to the first paragraph of the decision. I think that the signing of the bill of exceptions in the case of *Bank of Ringgold* v. *Poarch,* 30 *Ga. App.* 102 (117 S. E. 114), is quite different from the present case. Indeed, I do not believe that the bill of exceptions in the instant case was ever signed by the attorneys. A dotted line was left on the right of the page on which they were to sign, and this is still blank. Under this dotted line appear the words, "Attorney for Plaintiff in Error." On the left of the page in the same type and ink as that of the bill of exceptions appear the names of the attorneys, followed simply by the words, "Attorneys at law, Ringgold, Ga." I think this signing on the typewriter was an effort to comply with sections 6224 and 6332 of the Code, which require that attorneys, "when signing a bill of exceptions or acknowledging service thereof, will add to their signature their post-office address;" and it is not an effort to comply with the law requiring their signature to the bill of exceptions.