20391. NATIONAL BOND & INVESTMENT CO. *v.* CROSBY.

STEPHENS, J. 1. It is not essential to the genuineness of an indorsement upon a negotiable instrument, for the purpose of passing title thereto to one to whom the instrument has been delivered for value, that the indorsement should actually have been made by the payee. The payee in transferring the instrument with his own name indorsed thereon, whether the name is actually signed by him or not, and in delivering the instrument, utters the indorsement as his own, and the indorsement, to all intents and purposes, will be treated as his genuine indorsement and as sufficient to pass the title to the instrument. *Bank of Madison* v. *Cochran,* 26 *Ga. App.* 125 (105 S. E. 626); *Blackwell* v. *Persons,* 30 *Ga. App.* 52 (116 S. E. 554); *Bank of Ringgold* v. *Poarch,* 30 *Ga. App.* 102 (117 S. E. 114).

2. This being a suit upon a negotiable instrument, instituted by one claiming title thereto as a transferee, against the maker, in which the defendant denied the genuineness of the payee's indorsement, and it appearing from the evidence that the plaintiff had acquired the instrument from the payee, for value, and that it was delivered to the plaintiff with an indorsement thereon in the name of the payee, the evidence authorized the inference that the payee, in thus transferring the instrument, uttered the indorsement as his own, and thereby transferred to the plaintiff the title to the instrument.

3. Since the only defense interposed by the defendant maker, other than a denial of the genuineness of the payee's indorsement upon the instrument, was an alleged agreement between the defendant and the plaintiff, through the plaintiff's alleged authorized agent, by which the automobile, for the purchase-price of which the instrument sued on was executed, had been accepted by the plaintiff in full settlement of the amount due upon the instrument, no question as to whether the plaintiff was a holder in due course was presented; and since there was evidence to authorize the inference that the alleged agent of the plain-

tiff, with whom the defendant alleged that the settlement was negotiated, had no authority as agent for the plaintiff to make the settlement, the evidence was sufficient to authorize a verdict for the plaintiff for the amount sued for as representing the balance due upon the instrument. The court erred in excluding from evidence the instrument sued on with the payee's indorsement thereon, and the contract of sale between the payee and the maker which purported to have been assigned to the plaintiff.    *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 15, 1930.

*Mingledorff & Gibson,* for plaintiff.

*Ben Smith, Quincey & Quincey, Kelley & Dickerson,* for defendant.