## DAVIS v. DAVIS.
### No. 2174.

Court of Civil Appeals of Texas. Beaumont. Dec. 24, 1931.

Conley, Renfro & Keen, of Beaumont, for plaintiff in error.

Howth, Adams & Hart, of Beaumont, for defendant in error.

O'QUINN, J.

March 10, 1926, L. I. Prater filed application in the county court of Jefferson county, Tex., to probate the will of John Davis, deceased. Westley Davis, son of a former wife of deceased, duly filed his contest of the will, setting up, among other grounds, that said will had not been attested in accordance with the law. Upon a hearing, the will was ordered probated, and the contestant, Westley Davis, appealed to the district court, where judgment was rendered admitting the will to probate. From this judgment, contestant brings this appeal.

Plaintiff in error presents but one assignment of error, which asserts that the court erred in admitting the will to probate because same was not attested as the law requires, in that the testator did not tell one of the attesting witnesses, H. Manning, that the instrument was his will, and that said witness did not in fact know that the instrument he signed was the will of the testator. In other words, the insistence is that the testator, John Davis, should have told the witness Manning that the instrument he was requested to sign was the will of said testator, in the absence of which information the attestation was not in compliance with article 8283, R. S. 1925, by reason of which it was not subject to being probated.

At the request of plaintiff in error, the court filed his findings of fact and conclusions of law. Among other things, the court found

that the will was in writing; was duly signed by the testator, John Davis; that the testator signed the will in the presence of each of the two subscribing witnesses, R. N. Miller and H. Manning; that the testator, Davis, and each of the attesting witnesses was over the age of twenty-one years; that the testator, Davis, told the witness Miller that the instrument was his will, but that he did not tell the witness Manning that the instrument was his will, and that in fact Manning did not know that the instrument was the will of Davis. The record shows that the witnesses, Miller and Manning, did not sign at the same time. Miller signed first and left, and shortly after Manning came in and signed. Both witnesses signed the will in the presence of the testator.

As before stated, it is insisted by plaintiff in error that the will was not subject to probate because not executed as required by law, in that the testator did not inform the witness Manning that the instrument was the will of testator, and said witness did not in fact know that the instrument was in fact a will.

Article 8283, R. S. 1925, reads: "Every last will and testament except where otherwise provided by law, shall be in writing and signed by the testator or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in the presence of the testator."

 "Publication," in relation to the making of wills, is the act of declaring or making known to the witnesses that the testator understands and intends the instrument subscribed by him to be his last will and testament. 40 Cyc. 1116;. 30 A. & E. Ency. Law (2d Ed.) 587. Publication of a will, or the calling the attention of the witnesses to the will, by the testator, that the instrument which they are requested to attest is his will, is not a prerequisite to its legality unless required by statute. 40 Cyc. 1117; 30 A. & E. Ency. Law (2d Ed.) 587; 28 R. C. L., § 80, p. 125.

Attestation of a will consists in the act of witnessing the performance of the statutory requirements to a valid execution. This is done by the witnesses signing their names to the instrument in the presence of the testator. It is not required in this state that the witnesses sign the instrument in the presence of each other.

Generally, it is not essential to the validity of a will that it should be read over to the witnesses thereto, nor that they should know its contents. Nor is it necessary, in jurisdictions where publication is not required, that at the time they signed as witnesses they knew that the instrument was the testator's will. 28 R. C. L. § 80, p. 125; 30 A. & E. Ency. Law (2d Ed.) 596.

In this state, the law, article 8283, supra, does not require the publication of a will, nor does it require that the testator inform the attesting witnesses that the instrument to be attested is his will. A will must be executed in accordance with the statutory requirements, or otherwise it is entirely void. All these requirements stand as of equal importance, and must be observed, and courts cannot supply the defective execution of a will. No power or discretion is vested in them, either to superadd other conditions or dispense with those enumerated in the statutes. Under our statute, to hold that because the testator did not tell an attesting witness that the instrument he was signing was the testator's will rendered the will illegal would be to read into the statute a prerequisite to the validity of the will that the Legislature did not include. It would be to superadd a condition or requirement not expressed in the law. The court found that the will was in writing, signed by the testator, and attested by two credible witnesses over the age of fourteen years, each of whom subscribed their names to the instrument in the presence of the testator. These findings are not attacked by plaintiff in error. The court found that the testator did not inform the attesting witness Manning that the instrument attested was his, testator's, will, and that said witness did not know that said instrument was a will. This is the basis for plaintiff in error's appeal. As we have stated above, under the statute of Texas, publication of the will or knowledge of the attesting witness that the instrument signed by him was a will are not required.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.