**EDWARDS et al. v. PEACOCK.**

No. 3822.

Court of Civil Appeals of Texas. El Paso.

Jan. 18, 1940.

Rehearing Denied Feb. 8, 1940.

Travis White, of El Paso, on motion for rehearing only, and Del W. Harrington and A. L. Carlton, both of El Paso, for appellants.

C. W. Croom, of Houston, and R. E. Cunningham, of El Paso, for appellee.

WALTHALL, Justice.

The statement in appellants' brief of the nature and result of this suit is approved by appellee, and we adopt and copy appellants' statement here with a few minor changes or added words.

H. W. Peacock died in El Paso County, Texas, on the 19th day of September, 1937. He left a written will consisting of two pages in which J. D. Peacock, his brother and appellee herein, was named as "sole trustee and custodian of my estate." This will was filed for probate on October 7th, 1937 and appears among the original instruments brought up to this court and designated as "Exhibit C." This will was on October 28th, 1937, admitted to probate without objections or contest by any one. The said J. D. Peacock, who filed said will for probate and made application to be appointed as executor thereof, was so appointed by the County Court of El Paso County, Texas. On October 19th, 1937 the said J. D. Peacock filed what is purported to be a typewritten will made by the said H. W. Peacock, which is designated as exhibit "B" and is on file in this court as an original instrument brought up from the District Court. This instrument was offered for probate at the same time as was exhibit "C" and by the same J. D. Peacock. There was no protest entered by any person to the probating of said exhibit "B", but Judge McGill denied the application to probate the same because it was not witnessed by any one. On the 6th day of January, 1938, the same J. D. Peacock filed the instrument designated as exhibit "A", which is also filed in this court, and with it made application to the County Court of El Paso County for probate of said instrument, as the last will and testament of H. W. Peacock. This instrument consists of five sheets of paper, pages one and two of which are exact carbon copies of the will that was admitted to probate. The other three pages are also carbon copies, the originals of which are in no manner accounted for by any witness or otherwise in the record. Page three of said exhibit "A" shows to have been mutilated by the cutting off of about one-third of the sheet. By the time the last mentioned instrument was filed, appellants herein had learned of the activities of appellee in his offering of the instruments "B" and "A" as the wills of their relative, H. W. Peacock and employed counsel and entered their protest against the admission of said exhibit "A" as the will of H. W. Peacock. The County Court denied the application to probate the instrument, exhibit "A", as the will of H. W. Peacock on March 5th, 1938, and the whole record was taken to the District Court for the 41st District on appeal and writ of certiorari by J. D. Peacock, appellee herein. Upon the trial in the District Court exhibit "A" was admitted to probate and the case is brought to this court on appeal from the judgment of the District Court.

In addition to the above statement we state some portions of the trial District Court's judgment and the will admitted to probate in that court which we think tend to explain more fully the exhibits elsewhere referred to.

The case was tried before the court without a jury; the judgment recites that Homer W. Peacock, testator, died in El Paso County, Texas, September 19, 1937, and at the time of his death he had his domicile and principal part of his property

in El Paso County, Texas; that pages 1, 2 and 3 of the will produced bear date of 10/4/1933, and that page 4 of the will bears date of 1/16/1934, and that page five of the will bears date of November 20, 1934; and that a copy of the will is attached and identified as indicated, "In the matter of the Estate of Homer W. Peacock, deceased"; that the will was executed with the formalities and under the circumstances required by law; that the said will had not been revoked; that the testator was more than twenty-one years of age, and was possessed of testamentary capacity at the time he made the will. The court found that the above described will was executed by Homer W. Peacock with the formalities and under the circumstances required by law; that the will had not been revoked; and admitted it to probate, appointed J. D. Peacock executor of the estate and made other orders not necessary to state.

The will admitted to probate by the District Court reads as follows:

"El Paso, Texas, 10/4–33

"This will revokes and makes void all previous wills that I have made.

"In these wills I agreed to donate and leave to R. L. Greenwood of El Paso Texas, the sum of $1000.00 one thousand dollars.

"Under no circumstances is he to receive one dollar from my estate. My brother J. D. Peacock of Memphis Tenn— 1412 Monroe Ave.—is hereby appointed trustee and custodian of my estate. Without bond.

"The sum of one hundred dollars each is hereby left to my nephews and nieces, sons and daughters of my brothers and sisters.

"Also the sum of $100.00 is left to the Salvation Army—and the sum of $50.00 is also left to the Times Baby Milk Fund.

"Page #2. My last will and testament dated Oct. 4th 1933.

"In case of my continued illness or sudden death—

"Please wire my brother J. D. Peacock 1412 Monroe Ave. Memphis, Tenn—to come to El Paso at once and take charge of my property and my estate. I do not owe any money to any one, but my taxes must be paid.

"I own in fee my property on W-Overland St. I also own one half of the property on Myrtle Ave 717—Mrs. S. H. Runkle owns the other half. I also hold a mortgage for $16,000 about against Sam Watkins and the property 915 Texas St. You will also find a deposit in postal savings and my diamonds in my box—also insurance in Shrine Widows Fund and Policy in Capital State Benefit Assn. Willow Hill, Ill.

"H. W. Peacock

"Page #3

"At Faywood, N.M. you will find about 2000 shares of stock in the Arizona Realty Co—which belongs to Mrs. S. H. Runkle of Jacksonville, Fla.

"Also about 1800 shares of same stock which belongs to me Am also interested in 800 shares of London Mountain Gold Mining Co—stock of Denver Colo. in my name and 800 shares in name of R. H. Flowers my nephew of Waycross, Ga.

"HWP

"Page #4

"It must be understood by this my last will and testament that all the remainder of my property both real and personal other than that awarded in the bequests above is to become the property of my brother J–D–Peacock of Memphis Tenn 1412 Monroe Ave His fine life, his clean mind his sweet tempered disposition has been a pattern that ought to have made me a better man and in giving him without reservation all of my real and personal property other than the small bequests stated herein I am repaying him in small part for what he has done for me.

"Hence there must be no misunderstanding of my intentions and my desires.

"Page #5 Nov. 20th—1934

"I now learn with pleasure that Emma and Charles son and daughter of my deceased brother James B. Peacock are possessed of good sized fortunes from their father's estate hence will not *will not* need the bequests left them as set forth above. I therefore withdraw the bequests left to them and add the $200 to the bequest left my niece Elsie Flowers Edwards, making three hundred dollars left to her and request that this be paid to her at the rate of $15 per month until the full $300 is paid and the $100 left to her brother and my nephew R. H. Flowers can be paid at same rate since my own income has been reduced by the depression from about $645 a month to less than $125 a month.

"My brother J. D. Peacock can pay Scott and Rey his two fine children and my nieces as he sees fit—

"H. W. Peacock

"This is my last will and testament"

The trial District Court overruled plaintiffs' (appellants') motion for a new trial and appellants perfected this appeal.

Appellants submit six propositions. The first complains of the admission in evidence of a letter purporting to have been written by Homer W. Peacock to J. D. Peacock, the letter relating to transactions between them.

In the brief appellants insist that the letter should have been excluded, over objection, under Article 3716 of the Revised Civil Statutes. The record shows substantially the following:

Attorney for appellee: "I hand you (attorneys for appellants) a letter dated October 20, 1933."

Attorney for appellants: "We want to object to the introduction of this letter on the grounds: it is written altogether on a typewriter; they show no envelope in which it was received and there is no evidence whatever as to who was the writer nor to whom it was intended; it says 'Dear Brother,' and the witness (J. D. Peacock) has testified there are other brothers, and it might have been written, if by Homer, to any one; we object on the ground that it is wholly incompetent, immaterial and irrelevant."

Appellee, continuing: "I hand you plaintiffs' exhibit 'D'. I want you to look at that and state what it is." Answer: "That is a letter from brother."

Question: "How did you receive that letter?" Answer: "I received it in the open mail, under a three cent stamp as he always wrote to me."

Question: "Did he ever write to you on the typewriter like this?" Answer: "Yes, sir, always on the typewriter."

Question: "Now, the matters spoken of in that letter, did those things exist between you and your brother?" Answer: "Yes, sir, they certainly did."

Attorney for appellee to the Court: "I want to offer the letter in evidence, this letter marked exhibit 'D'."

The Court: "Is this the letter you urged the objection to gentlemen?" Answer: "Yes, sir."

The Court: "Overrule the objection."

Attorney for appellants: "If the Court please * * * we object to this extraneous matter because it is incompetent to prove the execution of a will."

The Court: "Your objection may be well taken, overrule it for the present."

Later appellee offered another, exhibit "N". At that time the Court said: "For the present I am going to change my ruling on that matter."

We have stated all the objections made to the letter (exhibit "D") found in the record. The specific objection made to the introduction of the letter as evidence is that it is "wholly incompetent, immaterial and irrelevant."

■ The objection to the letter as evidence stated in appellants' brief is that it should have been excluded under Article 3716, R.C.S., which article provides that "neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party." The record does not show that such objection was made. The objection may be waived. McCormick & Ray's Texas Law of Evidence, page 242, § 158.

We have concluded from the record as above that the errors asserted in the first and second propositions, if errors, are not made sufficiently clear to justify a reversal of the case, and they are overruled.

■ The court admitted in evidence the instrument purporting to be a typewritten will and purporting to be written by Homer Peacock on his typewriter. Error is urged on the ground that said instrument was not executed nor proven as provided by Article 8283, Revised Statutes.

Two instruments were submitted in evidence, each as the last will of Homer W. Peacock. The instrument referred to in the above proposition is not the instrument admitted to probate as the last will of Homer Peacock, and was not offered as such, but for evidentiary purpose only. Compton v. Dannenbauer, 120 Tex. 14, 35 S.W.2d 682, 79 A.L.R. 1488. The proposition is overruled.

The court admitted in evidence an instrument which the court admitted to probate as the will of Homer Peacock. Appellants' fourth proposition urges error thereto because the instrument is composed of five carbon copy pages, the originals not accounted for as to pages one and two, the

other three pages not shown to have ever been in the possession of or regarded by Homer Peacock as any part of his will.

The facts stated in the proposition we do not consider to be supported by the record or found by the court. The five pages of what the trial court apparently accepted as the original five pages of the instrument are found in the record and are sent up to this court. The instrument copied in the court's judgment as the will admitted to probate is the instrument shown by the evidence to be the.will of Homer Peacock, and contains what the evidence shows to be·the signature of H. W. Peacock. The signature is shown to be' that of H. W. Peacock by a number of business men who were familiar with his handwriting. The proposition is overruled.

What has been said in discussing the above propositions applies to propositions not discussed.

While the trial under the facts and circumstances disclosed by the record is necessarily confusing,· we have concluded that the case should be affirmed, and it is so ordered.

Affirmed.

PRICE, C. J., did not participate in the disposition of this case.