## ZARUBA et al. v. SCHUMAKER.
### No. 11613.

Court of Civil Appeals of Texas. Galveston. Feb. 17, 1944.

Hollis Massey, of Columbus, for appellants.

Fertsch & Fertsch and Marvin D. Fertsch, all of Hallettsville, for appellee.

MONTEITH, Chief Justice.

This action was brought by Mrs. Annie Schumaker, in the county court of Lavaca County, Texas, to probate the alleged last will of Mrs. Emma Zaruba, deceased, alleging that she was the sole beneficiary under such will.

The county court admitted such instrument to probate, and appellants perfected an appeal to the district court.

Appellants contested the application in both courts on two grounds: (1) Because the instrument was not executed with the formalities and solemnities and under the circumstances as required by law to make it a valid will, and (2) that applicant was estopped from offering such instrument for probate for the alleged reason that she had induced settlement of a claim in her favor against the estate of Jaroslav Zaruba by falsely representing that Mrs. Emma Zaruba had left no will.

In the district court in a trial before the court judgment was rendered admitting such instrument to probate. On application of appellants the trial Judge prepared and caused to be filed findings of fact and conclusions of law.

Jaroslav Zaruba and Emma Zaruba were husband and wife. Both died on the same day, Jaroslav Zaruba surviving his wife by about three hours. A. Zaruba was appointed and qualified as administrator of the estate of Jaroslav Zaruba, which included property owned by Emma Zaruba at the time of her death. While the administration proceedings in the estate of Jaroslav Zaruba were pending, appellee, the mother of Mrs. Emma Zaruba, deceased, filed her claim against the estate of Jaroslav Zaruba for money alleged to be due her by the estates of both Jaroslav Zaruba and Emma Zaruba; for damages, and for certain items of personal property. In a compromise and settlement of said claims appellee received (1) a quitclaim deed from the heirs of Jaroslav Zaruba to an undivided interest in a tract of land; (2) a refrigerator; and (3) the sum of $100 in cash.

After the filing of the above claim, and before it was settled, appellee found the alleged will of Mrs. Emma Zaruba and delivered it to her attorney. She did not, however, disclose the fact that she had found said will to appellants' attorney, although there was some discussion as to whether Mrs. Emma Zaruba had left a will during the negotiations for the settlement of said claim. Approximately a year after the settlement of appellee's claim with the administrator of the estate of Jaroslav Zaruba, deceased, the alleged will was offered for probate.

The trial court found that Mrs. Emma Zaruba had left a written instrument which had been probated as her last will and testament, wherein appellee was made the sole legatee of her estate; that the instrument in question was wholly written by Mrs. Zaruba upon a typewriter and that it had been signed by her by writing her name thereupon upon said typewriter and that she intended said instrument to be her last will. The court found that after Mrs. Zaruba had written and signed said instrument she presented it to both Mrs. Wallace Williams and Mr. Wallace Williams on separate occasions for their signatures as witnesses to her signature to said will; that she informed both Mrs. Williams and Mr. Williams that said instrument was her last will and testament and that she had written same as such, and requested each of them to sign said will as witnesses and that each of them did so at her request and in her presence. The court found that while the administration proceedings in the estate of Jaroslav Zaruba were open and pending, appellee filed her claim against such estate for money loaned the deceased, Jaroslav Zaruba, for rents due claimant, for damages to premises of claimant by deceased, and for certain items of personalty which the claimant asserted were her own property; that said claim was never filed by the administrator in the probate court, but that, after several weeks of negotiations, a compromise thereof was effected as the result of which claimant received $100 in cash and other considerations; that at the time of the compromise and settlement of said claim the will of Emma Zaruba, deceased, had been found and was in the possession of Mrs. Schumaker, but she failed to disclose the fact to the attorney for the administrator of Jaroslav Zaruba's estate, upon his making inquiry of her as to whether such a will had been found. The court found, however, that she at no time asserted that the deceased, Emma Zaruba, died intestate.

Under their first point, appellants assign error in the action of the court in admitting such will to probate, for the alleged reason that there was no evidence that Mrs. Emma Zaruba had signed the instrument offered by appellee for probate. This contention cannot be sustained.

Article 8283, Vernon's Annotated Civil Statutes, provides that: "Every last will and testament except where otherwise provided by law, shall be in writing and signed by the testator or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in the presence of the testator."

Article 23, Vernon's Annotated Civil Statutes, provides that the terms "written" or "in writing" shall include any representation of words, letters or figures, whether by writing, printing or otherwise, and that the terms "signature" or "subscribe" shall include "the mark of a person unable to write".

Bouvier's Law Dictionary, Vol. 2, Rawle's Third Revision, p. 3071, defines the term "sign" as "To affix a signature to; to ratify by hand or seal; to subscribe to one's own handwriting."

The courts of this state have uniformly held that a typed signature is a valid and binding signature. Mondragon v. Mondragon, 113 Tex. 404, 257 S.W. 215; B. F. Bridges & Son v. First Nat'l. Bank of Center, 47 Tex.Civ.App. 454, 105 S.W. 1018; Stout v. Oliveira, Tex.Civ.App., 153 S.W.2d 590; Edwards v. Peacock, Tex.Civ. App., 136 S.W.2d 934.

Our courts have further held that the attestation of a will is the act of witnessing the performance of the statutory requirements to a valid execution of the will. This is done by the witnesses signing their names to the instrument in the presence of the testator. It is not required in this state that the witnesses sign the instrument in the presence of each other. Davis v. Davis, Tex.Civ.App., 45 S.W.2d 240.

Under above authorities every requirement under said Art. 8283 had been met by competent evidence in the record, in that it was proved that the will of Mrs. Emma Zaruba was written and signed by her and

544

that it was attested by two credible witnesses who signed it at the request of and in the presence of testatrix.

█ Under their second point appellants assign error in the action of the trial court in admitting said will to probate, for the alleged reason that appellee was estopped from offering said will for probate for the alleged reason that she had induced the settlement of her claim against the estate of Jaroslav Zaruba by falsely representing that Mrs. Emma Zaruba left no will.

The exact question presented under this point has been recently decided, contrary to appellants' contention, by the Commission of Appeals in the case of Huston et al. v. Cole et al., 139 Tex. 150, 162 S.W.2d 404, 406, wherein the court held that when a will is offered for probate, the probate court's authority is limited to the determination of " * * * whether the instrument tendered is the last will of the deceased; that is, whether it had been revoked, whether it was executed in the manner and under the conditions required by law, and whether the maker had testamentary capacity and was not under undue influence (if raised) when it was executed. In doing this it has no jurisdiction to construe the will or to pass judgment on alleged prior contracts to make devises of property. Its authority is limited to the determination of the issue as to whether the instrument in question is the last will of the deceased, and such it must do without regard to the right of the deceased to devise and bequeath the property she undertakes thereby to dispose of", citing the following authorities: Masterson v. Harris, 107 Tex. 73, 174 S.W. 570; Ellsworth v. Aldrich et al., Tex.Civ.App., 295 S.W. 206, error refused; Burton et al. v. Connecticut General Life Ins. Co. et al., Tex.Civ.App., 72 S.W.2d 318, error refused; Combs v. Howard, Tex.Civ.App., 131 S.W.2d 206; 28 R.C.L. p. 377, § 379; 38 Texas Digest, Wills, ⊗ 215.

Under the above authorities the only question before the court in this appeal is whether the instrument tendered for probate was the last will of Mrs. Emma Zaruba. The question as to negotiations and settlement of her claim against the estate of Jaroslav Zaruba is separate and distinct from this issue and, under above authorities, this court has no jurisdiction to pass judgment on an alleged agreement with the administrator of the estate of Jaroslav Zaruba, in the absence of an express contract or agreement not to probate the will of Mrs. Emma Zaruba.

The trial court found as a conclusion of law that neither the facts alleged nor those introduced in evidence by appellants were sufficient to estop appellee from having said will probated and that they did not warrant the conclusion that there was an agreement, express or implied, between appellee and appellants that she would not offer the will of Mrs. Zaruba for probate in consideration of the payment of her claim or a compromise settlement thereof. The wording of the receipt which was signed by appellee bears out this conclusion. The instrument acknowledges the receipt of $100 in cash and recites that it is in full settlement and payment of any and all claims against the estate of Jaroslav Zaruba, "and I hereby acknowledge and state that I now have no further claims against said estate in so far as indebtedness due me by Jaroslav Zaruba, deceased, or Mrs. Emma Zaruba, deceased, is concerned."

It follows that the judgment of the district court admitting said will to probate must be affirmed.

Affirmed.