CONNALLY *v.* HALL, administrator.

Interference with the possession of land by causing it to be overflowed and the crops thereon to be destroyed, though by the holder of the title, gives him who has the right of possession and the actual possession a right of action for such interference.

January 8, 1890.

Torts.   Title.   Before Judge MADDOX.   Walker superior court.   February term, 1889.

Reported in the decision.

R. M. W. GLENN and McCUTCHEN & SHUMATE, for plaintiff.

F. W. COPELAND, H. P. LUMPKIN and PAYNE & WALKER, for defendant.

BLANDFORD, Justice.

The plaintiff brought his action against the defendant to recover damages for overflowing his land, whereby his crops were destroyed. Evidence was introduced tending to show that Connally was in possession of the land overflowed, and had a right to the use and occupation thereof; also to establish his damages by reason of such overflow. It was further shown that while Connally was in possession of this land, the defendant had a deed to the same; that he had made a bond for titles to Connally for the same; that such deed and

bond for titles was security for a sum of money Connally owed Hall. This testimony being in, the court, upon the motion of the defendant, granted a nonsuit, whereupon Connally excepted and says that this ruling was error.

Although Connally may not have had title to the land, and the title may have been in Hall, yet Connally had the right to the possession and use of the land, and any interference with such possession and use on the part of the defendant was a wrong; and if such interference amounted to a destruction of the crops upon the land, Connally could recover therefor against the defendant, although he may have been the owner of the land. It is a well-settled principle of law that one may have the title to land, and another may have the right of possession and the actual possession; and as long as this possession continues, any interference therewith, even by the person having the title, will give him who has the right of possession and actual possession a right of action therefor.   *Judgment reversed.*