## ROSETTE *v.* SHELTON.

1. One in possession of a house and lot under a bond for title, having paid part of the purchase-price and given notes for the remainder, is entitled to recover damages resulting from a trespass in tearing off and removing the eaves from the side of his house next to the property of the defendant, who is proceeding to erect a wall so as to fill the space up to and against

the side of the plaintiff's house. The amount recoverable is not limited to the proportion of purchase-money actually paid.

2. The suit being based entirely upon the right to recover damages for the trespass on the plaintiff's land and dwelling-house, it was not error to refuse a request to charge the jury that the fact that the plaintiff had acquired an easement to maintain the eaves of his house over the defendant's land would not entitle him to recover, as he did not sue for damages to his easement.

3. Nor was it error to refuse to charge that if the effect of the erection of the wall was to cut off the light and air from the plaintiff's house, there could be no recovery for any damage so resulting.

4. A requested instruction covered, in so far as it is a correct statement of the law, by the charge as given may be declined.

No. 4497. DECEMBER 19, 1924.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. May 29, 1924.

*Madison Richardson,* for plaintiff in error.

BECK, P. J. The plaintiff, alleging that he was the owner of a certain house and lot in the City of Atlanta and that the defendant was the owner of an adjoining house and lot, brought suit to recover damages, alleging that the defendant had torn off and removed the eaves from the side of petitioner's house next to the defendant's property, and that he was proceeding to erect a brick wall so as to fill the space up to and against the side of petitioner's dwelling. It was alleged that the erection of the wall would be a trespass and a nuisance, and would result in irreparable damage and injury to petitioner. The prayers of the petition were for damages, as well as for injunction. The jury trying the case returned a verdict finding for the plaintiff the sum of $660. A motion for new trial was made by the defendant; and upon the hearing of the same the judge granted a new trial, "unless the plaintiff should write off an amount sufficient to reduce the judgment to $400; but if the plaintiff should, within ten days, write off said amount," then the motion was denied and overruled. The plaintiff wrote off the amount of $260; and the defendant excepted to the judgment overruling the motion.

1. The evidence submitted in this case authorized the jury to find that the defendant was guilty of the acts of trespass alleged, and that the damage resulting from the trespass was the amount of the judgment as reduced by writing off the sum stated above. The plaintiff did not have title to the property, but was in possession

under a bond for title from the owners, dated December 15, 1919; a part of the purchase-money was paid in cash, and notes for the balance of the purchase-money were given to plaintiff's vendors, the greater part of which had become due and payable before this suit was filed. There is nothing in the evidence to show that the plaintiff had not paid the notes as they fell due, nor that he was insolvent and unable to pay. The plaintiff being in bona fide possession of the property, under the verdict of the jury, which is supported by the evidence, he was entitled to recover for the injury done thereto by the acts of trespass committed by the defendant. Even though he had not paid all of the purchase-money, he was liable therefor, and he alone could maintain an action for trespass. And the amount recoverable by him was not limited to the proportion of the purchase-price which he had actually paid. 26 R. C. L. 955, § 32.

2. The court did not err in refusing to charge the jury, as requested in writing by the defendant, that the fact that the plaintiff had acquired an easement to maintain the eaves of his house over the defendant's land would not entitle him to recover, as he did not sue for damages to his easement. This charge was not adapted to the issues made by the pleadings. The plaintiff based his suit entirely upon his right to recover damages for the trespass upon his land and the dwelling thereon.

3. And, for the reason just stated, the court did not err in refusing to charge that if the effect of the erection of the wall by the defendant was to "cut off the light and air from plaintiff's house, there could be no recovery against the defendant for any damage which might result in this way to the plaintiff."

4. The court did not err in refusing to give the charge requested, as set forth in the last ground of the motion for a new trial. In so far as it was a correct statement of the law, it was sufficiently covered by the general charge.

*Judgment affirmed. All the Justices concur.*