## PALMER *v.* PENNINGTON.

GILBERT, J. 1. "One in possession of land under a bond for titles from the true owner, with purchase-money partly paid, is the owner of the freehold relatively to all persons except the maker of the bond and those claiming under him." *Fulton County* v. *Amorous*, 89 *Ga.* 614 (3) (16 S. E. 201) ; *Rosette* v. *Shelton*, 159 *Ga.* 422 (126 S. E. 242). That principle was applicable in the case.

2. The ruling made in the first headnote controls all of the issues raised in the petition for certiorari. Other issues decided by the Court of Appeals, not controlled by the ruling made in the first headnote, are not raised in the petition for certiorari, and consequently not mentioned by this court. The case is remanded to the Court of Appeals for further action not inconsistent herewith.

*Judgment reversed. All the Justices concur.*

No. 9652. JUNE 14, 1934. REHEARING DENIED JULY 12, 1934.

*Lewis & Lewis, Joseph Law,* and *R. N. Hardeman Jr.,* for plaintiff.

*M. C. Barwick* and *J. Roy McCracken,* for defendant.

ON MOTION FOR REHEARING.

Pennington, defendant in error, moves for a rehearing, insisting that the court has overlooked *Ault* v. *Meager,* 112 *Ga.* 148 (supra) ; and because a bond for title is color only, as held in *Baxter* v. *Phillips,* 150 *Ga.* 498 (104 S. E. 196). The Court of Appeals correctly ruled: "To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass; and when he relies upon possession alone, it must be actual possession of that portion of the tract upon which the trespass was committed." But erred in holding: "The judgment of the court below is reversed for the reason that the question of actual possession of the part of the land in controversy was not submitted to the jury." Notwithstanding a bond for title is color and requires seven years possession thereunder for ripening into complete title, the perfect legal title is not essential to a right of recovery for trespass upon land.

"It is a well-settled principle of law that one may have the right of possession and the actual possession; and as long as this possession continues, any interference therewith, even by the person

having the title, will give him who has the right of possession and actual possession a right of action therefor." *Connally* v. *Hall,* 84 *Ga.* 198 (10 S. E. 738); *Ford* v. *Harris,* 95 *Ga.* 97 (2) (22 S. E. 144). Furthermore, the holder of the bond for title in this case had actual possession of a portion of the land and the right of possession of the entire tract described by his bond for title, and accordingly had a right to sue in trespass any one who interfered with his actual possession or his right of possession.

But it is insisted that Pennington holds under a common grantor with Palmer. While it is not necessary to discuss the facts of the case in order to decide the issue made by the petition for certiorari, it may be noted that Pennington's right is based on a timber lease executed more than a year after the common grantor, Jones, had conveyed all of his interest in the land as security for debt to First National Bank of Waynesboro, and that interest, through subsequent conveyances, became possessed by Palmer holding a bond for title with part of the purchase-money paid and being in actual possession of a portion of the land, but not of the timber land, which of course was not cleared. It is insisted that while the title was in the First National Bank, the timber lease was executed by Jones by permission of the bank. Title to timber is title to realty and must be in writing. No such writing appears in the record. In *Ault* v. *Meager,* supra, suit was brought by one who showed bare possession, but no title. Where the plaintiff "relies upon possession alone as a basis for recovery, it must be actual possession of that portion of the tract upon which the alleged wrong was committed." Even where one holds land by color of title alone, the law construes the possession as extending to the full boundaries of the tract, as described in the color of title. Powell on Actions for Land, 408; *Terrell* v. *McLean,* 130 *Ga.* 633, 636 (61 S. E. 485). Where one holds by bare possession, obviously such possession will not be extended by construction, for the simple reason that there is in such case no limitation to fix such boundaries. Accordingly the motion for rehearing is denied.