### 22099. Pennington *v.* Palmer.

Guerry, J. 1. In view of the opinion of the Supreme Court in this case on certiorari (*Palmer* v. *Pennington,* 179 *Ga.* 76, 175 S. E. 380), the opinion rendered by this court in *Pennington* v. *Palmer,* 46 *Ga. App.* 559 (168 S. E. 114), is withdrawn, and the following opinion is substituted therefor.

2. "'One in possession of land under a bond for titles from the true owner,

with purchase-money partly paid, is the owner of the freehold relatively to all persons except the maker of the bond and those claiming under him.' *Fulton County* v. *Amorous*, 89 *Ga.* 614 (3) (16 S. E. 201); *Rosette* v. *Shelton*, 159 *Ga.* 422 (126 S. E. 242). That principle was applicable in the case."

3. Notwithstanding a bond for title is color and requires seven-years possession thereunder for ripening into a complete title, perfect title is not essential to a right of recovery for trespass upon land.

4. Title to timber is title to realty and must be in writing.

5. A deed made in execution of a power of sale, which contains the statement that it is made in pursuance of the sale under such power of attorney and that all the terms of the power.have been complied with, such as advertisement, public sale before the court-house, highest bidder, etc., is properly admitted in evidence where the deed which contained the power is also admitted in evidence. Recitals of such a kind and character in a deed are prima facie correct, although the maker and those claiming under him are not estopped to show the contrary.

6. Under the foregoing rulings and the facts of the case, the verdict in favor of the plaintiff was authorized, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 20, 1934.

*M. C. Barwick,* for plaintiff in error.
*Joseph Law, Lewis & Lewis, R. N. Hardeman Jr.,* contra.