## 31179. SWINSON *v.* JONES.

DECIDED JUNE 7, 1946. REHEARING DENIED JULY 23, 1946.

*L. F. Watson, M. H. Blackshear,* for plaintiff in error.

*R. I. Stephens,* contra.

MacIntyre, J. ██ This case has been to this court before, and is reported in *Swinson* v. *Jones, 72 Ga. App.* 147 (33 S. E. 2d, 376). The evidence there showed without dispute that at the time of the filing of the action on October 27, 1938, the title to the timber was not in the plaintiff, M. H. Jones, but was in his mother, Mrs. Nannie C. Jones, the plaintiff only having a security deed signed by his mother, dated June 17, 1919, in which his mother reserved the title in herself. In that case it was stated that the present suit was instituted in 1935, and that prior to the act of 1939 (Ga. L. 1939, p. 340), the holder of a security deed without more was not authorized to institute such an action as the one then under consideration; and that the plaintiff was not entitled to recover on possession alone, for the reason that the evidence did not show that he was in the actual possession of the portion of the land from which the timber was cut. The case was reversed because there was no right of action in the plaintiff at the time of the filing of the suit. On the next trial of the case, now under review, the plaintiff contended that he did not rely upon title based on the security deed, dated June 17, 1919, as he had done in the former trial, but relied on a title based upon the above-quoted written instrument dated January 1, 1914. He disclaimed title under the security deed, which had reserved title in the mother, and set up title based upon the written instrument dated January 1, 1914, which conveyed title to him. The plaintiff contends that, at the time his mother signed such instrument, he went into possession of the land in question and has been in possession continuously since. The defendant contends that the plaintiff was bound by the recitals in the security deed dated in 1919, upon which the plaintiff testified in the former trial that he based his title, and could not now contend and testify that he had based his title upon a written instrument dated in 1914.

"A recital of one deed in another or of a fact in a deed binds the parties and those who claim under them. It is an estoppel which binds parties and privies—that is, privies in blood, privies in estate, and privies in law. Recitals in a deed, however, do not bind persons claiming by an adverse title or those who claim by title anterior or paramount to the deed. Strangers to a deed have no right to set up its recitals as estoppels." 19 Am. Jur. 626, § 28. In this case, the defendant is a stranger to the deeds of 1914 and 1919, made to the plaintiff by his mother, and can not set up the recitals in such deeds as an estoppel. The defendant's title is not derived from, but is in antagonism to, that of the plaintiff. The defendant is not a privy in estate with the plaintiff, and neither the plaintiff nor the defendant owes any duty to the other; nor is either estopped from making any claim against the other. Hussman v. Durham, 165 U. S. 144 (17 Sup. Ct. 253, 41 L. ed. 664). In *Palmer* v. *Pennington,* 179 *Ga.* 76 (175 S. E. 380), it is stated: " 'It is a well-settled principle of law that one may have the  .  .  right of possession and the actual possession; and as long as this possession continues, any interference therewith, even by the person having the title, will give him who has the right of possession and actual possession a right of action therefor.' *Connally* v. *Hall,* 84 *Ga.* 198 (10 S. E. 738) ; *Ford* v. *Harris,* 95 *Ga.* 97 (2) (22 S. E. 144). Furthermore, the holder of the bond for title in this case had actual possession of a portion of the land and the right of possession of the entire tract described by his bond for title, and, accordingly, had a right to sue in trespass any one who interfered with his actual possession or his right of possession." The instant case is differentiated from *Swinson* v. *Jones, 72 Ga. App.* 147 (supra), in that in the latter case the plaintiff based his title to the timber (and so testified) upon the security deed dated in 1919, in which his mother, the grantor, had expressly reserved the title to the land in herself; whereas in the instant case the plaintiff based his title (and so testified) upon the written instrument dated in 1914, which, whether it was a complete title or not, was at least a color of title, and the jury were authorized to find in the instant case that the grantee in the document dated in 1914 had actual possession of the portion of the land in question, and had the right of possession to the entire tract described by this document, and accordingly had a right to sue the defendant in tres-

pass. "Where the plaintiff 'relies upon possession alone as a basis for recovery, it must be actual possession of that portion of the tract upon which the alleged wrong was committed.' . . Where one holds by bare possession, obviously such possession will not be extended by construction, for the simple reason that there is in such case no limitation to fix such boundaries." *Palmer* v. *Pennington,* supra. "Even where one holds land by color of title alone, the law construes the possession as extending to the full boundaries of the tract, as described in the color of title." *Palmer* v. *Pennington,* supra. Where one is a bona fide purchaser and in possession of land, such a party holds adversely to all the world, may disclaim the title under which he entered, and set up any other title against a stranger. Croxall *v.* Shererd, 72 U. S. 268 (18 L. ed. 572) ; *Burr* v. *Toomer,* 103 *Ga.* 159, 161 (29 S. E. 692). Here it was permissible for the plaintiff to disclaim title under the security deed of 1919, and claim title under the written instrument of 1914, under which he went immediately into possession of the land on which the timber in question was growing.

The evidence in the second trial, now under review, authorized a finding that the plaintiff had a cause of action at the time the action was instituted, and a further finding that the evidence supported the verdict against the defendant for $600 damages for timber unlawfully cut, upon the theory that: "Where plaintiff recovers for timber cut and carried away, the measure of damages is: 1. Where defendant is a wilful trespasser, the full value of the property at the time and place of demand or suit, without deduction for his labor or expense." Code, § 105-2013 (1).

The charge was authorized by the evidence, and (1) since the evidence on which the plaintiff seeks to sustain the verdict in his favor was admitted without objection, and (2) if objected to, the pleading might have been amended to authorize such proof, the exception that the charge was not authorized by the pleading and the evidence is too late after verdict and can not be made a ground in a motion for new trial in the trial court, or a ground in the bill of exceptions in this court. *City National Bank &c. Co. of Miami* v. *Orr,* 39 *Ga. App.* 217 (146 S. E. 795) ; *Metropolitan Life Insurance Co.* v. *Hale,* 47 *Ga. App.* 674 (171 S. E. 306) ; *Parsons* v. *Wilson,* 22 *Ga. App.* 279 (95 S. E. 1009) ; *Howard* v. *Barrelt,* 52 *Ga.* 15 ; *Rocker* v. *DeLoach,* 178 *Ga.* 480 (173 S. E. 709).

(a)   The general charge, when considered in its entirety, embraced the general principles of law applicable to the case.   If any amplification of the general principles contained in the charge was desired, it should have been made the subject of an appropriate timely written request.   *Tabor* v. *Macon Ry. &c. Co.,* 129 *Ga.* 417 (59 S. E. 225).   The charge was not at variance with the law laid down in *Swinson* v. *Jones,* 72 *Ga. App.* 147 (supra), as contended by the defendant, for in that case the plaintiff expressly claimed title under the security deed dated in 1919, reserving title in the mother of the plaintiff, whereas in the second trial, now under review, the plaintiff expressly disclaimed title under such security deed of 1919, and set up another title upon a written instrument, dated in 1914, conveying the title to him.

(b)   The evidence in this case related to possession, both actual and constructive, for over 20 years, and to a written instrument under which the plaintiff testified he held possession.   The judge charged on how a completed title by prescription could be obtained by actual possession alone, and how it could be obtained under color of title, and then in effect charged the jury the principles stated in *Palmer* v. *Pennington,* supra, that a perfect legal title was not essential to a right of recovery for trespass upon the land in question for the cutting of timber thereon, and that the holder of written evidence of title, who had actual possession of a portion of the land and the right of possession of the entire tract described in the written evidence of title, had a right to sue in trespass anyone who interfered with his actual possession or his right of possession by cutting timber thereon.   The charge was not confusing and misleading to the jury for the reasons urged by the defendant.

The judge did not err in overruling the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and Gardner, J., concur.*