19737. CREWS *et al. v.* STOKES.

398

*Carroll Russell*, for plaintiffs in error.

*William A. McQueen, McQueen & McQueen, Leon A. Wilson, II, Wilson & Wilson*, contra.

ALMAND, Justice. P. O. Stokes filed his petition against Julian Crews and J. W. Cooper, seeking damages and injunctive relief on account of the alleged trespass of the defendants upon lands owned by the plaintiff. On the trial, the court directed a verdict in favor of the plaintiff, awarding damages in the amount admitted by the defendants to be due the plaintiff for the timber cut, and granting a permanent injunction against the defendants, upon which a final decree was entered. The defendants' amended motion for a new trial was denied, and error is assigned on that judgment.

Ground 1 of the amended motion for a new trial assigns error on the admission, over objection, of evidence as to the plaintiff's prescriptive title to the 35.6-acre tract of land on which it was claimed the defendants had cut timber. The objection was that the plaintiff had, by amendment, attached to his petition an abstract of title to the land in question; and not having pleaded title by prescription, any evidence showing prescriptive title was inadmissible. The record discloses that, in a colloquy between counsel for both parties and the court when the defendants' objections were being argued, the following occurred: "The Court: Now what is the position as to the abstract? Are you going to strike it or are you going to leave it in? Mr. Wilson (counsel for plaintiff): We are willing to strike it because it serves no useful purpose in this case. The Court: Do you have any objection? Mr. Russell (counsel for defendants): Except, your Honor, that puts us in this position, now. They have relied on an abstract saying that this 20 acres and the 15 acres was a part of a certain piece of land lying within this property. Of course, the defendant has prepared his defense along those lines,

that this is not a part of the 172½ acres. Now, they come in here in this court and take a different course altogether than they have in their pleadings." (Parenthesis ours.) Although the record does not disclose that the plaintiff's amendment containing the abstract of title was either formally withdrawn, stricken in writing by the plaintiff, or stricken by an order of the court, the trial judge entered a certificate on the motion for a new trial in which, after referring to the colloquy set out above, he stated the following: "The court, from the time of such statement in the trial until the present time considered and understood and still considers and understands that the abstract in question had been and was stricken from the petition and from the case. The court further understood and still understands that counsel for both plaintiff and defendants considered and understood that said abstract in question was stricken from the petition and from the case. The court so considered and understood it and tried said case based upon such understanding."

Regardless of whether the amendment containing the abstract of title remained, or did not remain, in the case as a part of the plaintiff's pleadings, the court did not err in admitting the plaintiff's evidence of title by prescription. In his petition, the plaintiff asserted that he was the true owner of a described tract of land containing 35.6 acres, on which the defendants were cutting timber. In his amendment, he attached to the petition "his abstract of title covering lands in controversy." The petition was predicated upon the assertion that he was the true owner of the property, and this ownership not being limited to a claim of title as shown by the abstract, evidence was admissible to show title by prescription with possession for seven years under color of title. *James* v. *Riley*, 181 *Ga.* 454 (3) (182 S. E. 604); *Palmer* v. *Pennington*, 179 *Ga.* 76 (175 S. E. 380); *Gray* v. *Bradford*, 194 *Ga.* 492 (1, 2) (22 S. E. 2d 43); *Kirkland* v. *Odum*, 156 *Ga.* 131 (118 S. E. 706).

■ Special ground 2 asserts that there were issues of fact, and thus the court erred in directing a verdict for the plaintiff. In their answer, the defendants admitted that they owed the plaintiff $166.18, representing the value of pulpwood cut from about 14 acres of the 35.6-acre tract of land, their contention being

that they owned the other part of this tract. The court directed the jury to return a verdict for the plaintiff in the sum of $166.18. The direction of the verdict as to the amount of damages was not erroneous. As to the direction of a verdict in favor of the plaintiff for a permanent injunction restraining the defendants from trespassing on the 35.6-acre tract, the undisputed evidence shows that the plaintiff held a paper title to this tract of land by virtue of a warranty deed from William and Helen Newbold dated December 21, 1942, such deed having been recorded in the clerk's office of Charlton County Superior Court in January, 1943. The evidence also shows that the plaintiff has been in actual possession of this tract for more than seven years prior to the filing of the instant action. Although the defendant Cooper claimed title to 20 acres of this tract of land, under an alleged claim of title as shown by an abstract of title attached to his answer, the only evidence offered in support of this claim was a warranty deed, dated September 10, 1955, from the heirs at law of J. N. Cooper and Delia Scoggins to Joseph W. Cooper and Minnie Crews Cooper. There was no evidence of actual possession by the defendants of any of the land described in this deed, nor was there evidence that this deed covered the particular 20 acres in question. All of the evidence shows that the plaintiff had possession of the 35.6-acre tract of land under written evidence of title for a period exceeding seven years, and thus had good title by prescription. Code § 85-407.

It is contended that the plaintiff was not entitled to the grant of a permanent injunction because the defendants had ceased cutting timber and had promised not to cut any more timber before the suit for damages and injunction was filed, and therefore there was no grave danger of an impending trespass which would authorize the court to grant an injunction. The plaintiff sought to restrain the defendants from trespassing on any part of the 35.6-acre tract. The defendant Cooper promised not to cut any more timber on 15 acres of this tract of land, but made no promise as to the remaining 20 acres of the tract, and in fact claimed title to the 20 acres and the right to cut timber thereon. It thus appears that this contention is without merit.

It is further claimed that, under certain admissions by the

plaintiff, an issue of fact as to the plaintiff's prescriptive title was raised, and that it was error to direct a verdict in his favor. These admissions were that the plaintiff had, in 1950 and in 1955, purchased the claims of two other persons to 14 acres and to 30 acres of the tract of land in which the 35.6 acres lay, that he had, in 1954, sought to buy the defendant Cooper's claim to this 20-acre tract; and that such efforts on the part of the plaintiff refute his contention that he claimed the land under his deed executed in 1942. The undisputed evidence shows that, at the time the plaintiff acquired his deed to the 35.6-acre tract in 1942 and went into possession, he had no knowledge of the claims which he purchased in 1950 and 1955, nor of the defendant Cooper's claim which he sought to buy in 1954. These claims came to his knowledge after he had been in possession of the property under color of title for more than seven years. The evidence showing that the plaintiff went into possession free from any fraud and under the belief that he owned the land, the discovery of any defects in his title after seven years of possession and his efforts to quiet the claims of others by purchase did not raise any issue of fact as to fraud or good faith for determination by the jury. See *Wingfield* v. *Virgin*, 51 *Ga.* 139 (2) ; *Bower* v. *Cohen*, 126 *Ga.* 35 (54 S. E. 918).

3. The evidence demanding a verdict for the plaintiff, the court did not err in directing a verdict in his favor, nor in denying the defendants' motion for a new trial.

*Judgment affirmed. All the Justices concur.*