### 36829. FIEVET *v.* CURL.

# 536

DECIDED SEPTEMBER 27, 1957—REHEARING DENIED
OCTOBER 21, 1957.

*H. Dale Thompson, Homer S. Durden, Jr.,* for plaintiff in error.
*Williams & Smith, Geo. L. Smith, II,* contra.

NICHOLS, J. ■ After the call of the case for trial and after counsel for both parties had announced ready, but before a jury had been stricken, counsel for the plaintiff made certain remarks within the hearing of the prospective jurors which, according to counsel for the defendant if made during the progress of the trial, would have been grounds for a mistrial. Counsel for the defendant made a motion for a continuance for the term which was denied.

"Improper remarks by counsel, made before a jury has been stricken but in the hearing of those who have been summoned to serve as jurors, cannot be cause for a continuance. At most, there should merely be a postponement of the trial until other panels can be drawn from which to select a jury. *Thompson* v. *O'Connor,* 115 *Ga.* 120 (2) (41 S. E. 242)." *Bowling* v. *Hathcock,* 27 *Ga. App.* 67 (1) (107 S. E. 384). Accordingly, the trial court did not err in denying the defendant's motion for a continuance.

■ The defendant contends that the court erred in failing to grant his motion for a mistrial based on the alleged improper argument of the plaintiff's counsel. The record shows, with ref-

erence to this assignment of error, what counsel for the defendant contends that counsel for the plaintiff argued to the jury, and also what counsel for the plaintiff contends he argued to the jury. However, the record does not show the actual argument made to the jury by counsel for the plaintiff.

It is well settled that in dealing with motions for mistrial the discretion of the trial court will not be disturbed unless it is abused to the extent that the grant of a mistrial is essential to the preservation of the right to a fair trial. *United Motor Freight Terminal Co.* v. *Hixon,* 78 *Ga. App.* 638 (2) (51 S. E. 2d 679) ; *Osteen* v. *State,* 83 *Ga. App.* 346, 349 (63 S. E. 2d 416). Accordingly, where the record does not make it affirmatively appear that the trial court abused its discretion in refusing to grant the motion for mistrial, this court will not disturb such judgment.

■ Error is assigned on an excerpt of the charge wherein the jury was instructed that the defendant could not escape liability for his negligence, if any, because the plaintiff was violating traffic laws and regulations, since it is incumbent on one who violates traffic laws and regulations to anticipate that others, like himself, may also disobey the same law.

The excerpt complained of was correct as an abstract principle of law, and was applicable to the issues involved inasmuch as there was evidence that the defendant was driving in excess of the speed limit at the time of the collision between his automobile and the plaintiff's. See in this connection *Associated Cab Co.* v. *Byars,* 92 *Ga. App.* 73 (88 S. E. 2d 329) ; and *Williams* v. *Grier,* 196 *Ga.* 327 (2b) (26 S. E. 2d 698). The complete charge on this subject was not confusing or misleading; therefore, there is no merit in this special ground of the motion for new trial.

■ Special ground 4 complains of an excerpt from the charge, which, the defendant contends, charged that the plaintiff could recover from the defendant under the "last clear chance" doctrine even if the plaintiff was aware that she was in a place of danger and was able to avoid the defendant's negligence. In the very next paragraph after the one to which exception is taken the court charged: "As previously instructed the plaintiff must exercise ordinary care for her own safety before she would be entitled to recover any amount." The jury was not in-

structed, as the defendant contends, that the plaintiff could place herself in a position of peril, sit idly by and wait to be injured, and then recover for such injuries. For a thorough discussion of this doctrine see *Lovett* v. *Sandersville R. Co.,* 72 *Ga. App.* 692 (34 S. E. 2d 664). When the excerpt of the charge complained of is considered in connection with the remainder of the charge on this subject, no reversible error is shown.

However, even if the excerpt of the charge complained of was error it was at most a lapsus linguae and would not be a cause for reversal when the entire charge is considered and the excerpt could not have been misleading to the jury. "It is not to be presumed that the jury paid more attention to the incorrect charge than to the others; and if they paid equal attention to all, and understood all, they must have understood that the use of the word . . . in the charge complained of was a mere slip of the tongue, and the defendant could not have been prejudiced by the incorrect charge." *Southern Ry. Co.* v. *Merritt,* 120 *Ga.* 409, 410 (47 S. E. 908). "A verbal inaccuracy in a charge, resulting from a palpable 'slip of the tongue,' and which clearly could not have misled the jury, is not cause for a new trial." *Turner* v. *Elliott,* 127 *Ga.* 338 (4) (56 S. E. 434).

The contention in the one remaining special ground is that the trial court should have charged, without request, the following: "One who knowingly and voluntarily takes a risk of injury to himself and property, danger of which is so obvious that act of taking risk in itself amounts to failure to exercise ordinary care, cannot hold another liable for injuries thus occasioned."

It is well settled that, where the court charges generally on a principle of law applicable to the case, if any amplification of such instructions is desired, they should be the subject of a timely written request. See in this connection, *Tabor* v. *Macon Railway &c. Co.,* 129 *Ga.* 417 (59 S. E. 225); *Swinson* v. *Jones,* 74 *Ga. App.* 109 (4) (38 S. E. 2d 878); and *Cloud* v. *Stewart,* 92 *Ga. App.* 247, 250 (88 S. E. 2d 323).

Accordingly, where the court instructed the jury: "If the plaintiff, by ordinary care, could have avoided the consequences to herself caused by the negligence of the defendant, then the plaintiff would not be entitled to recover," if the defendant desired the instructions which he contends should have been given,

they should have been the subject of a timely written request.

■ The amount of the verdict returned for the plaintiff is not questioned, but only· whether any verdict for the plaintiff was authorized. Therefore, in considering the general grounds of the motion, the only question presented is whether the jury was authorized to return a verdict for the plaintiff in any amount.

The evidence was, in some respects, in sharp conflict; however, the jury was authorized to find from such evidence that the defendant was driving his automobile, at the time of the collision, 50 miles per hour, that the plaintiff stopped her automobile before entering the intersection and looked in the direction from which the defendant was approaching, that at that time the defendant was not within 300 feet of the intersection, (the distance the plaintiff could see), that the plaintiff proceeded to cross the intersection and after traveling 20 feet (the intersection was 30 feet wide and the front of the plaintiff's car had traveled beyond the center line of such intersection) had reached a speed of 5 miles per hour, that the front of the defendant's automobile struck the left rear side of the plaintiff's automobile causing the injuries sued for, that it took the plaintiff 5.1 seconds at an average speed of 2½ miles per hour (zero to 5 miles per hour) to reach the point of collision and that during such time the defendant, driving at 50 miles per hour, traveled 374 feet and was therefore not visible to the plaintiff when she stopped and looked before entering such intersection, and that the proximate cause of the collision was the excessive speed of the defendant in a 30-mile-per-hour zone and his failure to abide by the requirements of the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 557; Code, Ann., § 68-1626). Accordingly, it cannot be said that the verdict was not authorized by the evidence, and since it has the approval of the trial court, it will not be disturbed on review.

The trial court did not err in rendering any judgment assigned as error.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*