S06A0895, S06A1137. DAVIS v. HARPAGON COMPANY, LLC
(two cases).
(637 SE2d 1)

MELTON, Justice.

These consolidated appeals regard the propriety of the tax sale of the home of Karen Cannon Henderson Davis. The record shows that, around January 7, 1997, the DeKalb County Tax Commissioner issued a writ of execution, or fieri facias (fi. fa.), based on Davis' failure to pay the 1996 ad valorem property tax due on her home.[1] On April 16, 1997, the Tax Commissioner transferred the fi. fa. to MIICA, a third-party corporation. MIICA, in turn, apparently transferred the fi. fa. to Agio Corporation, which sought out a levy of Davis' property. On August 6, 2002, a tax sale was conducted, and Davis' property was sold to an affiliate of the Harpagon Company, LLC, the defendant herein.[2] After waiting the required year following the tax sale, see OCGA § 48-4-45 (a), Harpagon notified Davis of the barment of her right to redeem the property through a private process server. Davis, however, failed to redeem the property by paying the statutory redemption amount. OCGA § 48-4-42.

On April 21, 2004, Harpagon filed a petition to quiet title pursuant to OCGA § 23-3-40. The case was presided over by a special master, and the parties filed cross-motions for summary judgment. Following a hearing, the special master determined that a genuine issue of material fact remained regarding whether there had been a proper levy on the property. The special master further determined that, contrary to Davis' contentions, she had sufficiently been placed on notice of both the transfer of the fi. fa. to Agio Corporation and the barment of her right of redemption. Davis chose to appeal this decision, filing a notice of appeal on September 2, 2005. While that appeal was pending, the trial court ordered the parties to share

---

[1] For a general discussion of the mechanics of a tax levy and sale, see *National Tax Funding, L.P. v. Harpagon Co., LLC,* 277 Ga. 41 (1) (586 SE2d 235) (2003).

[2] At the tax sale, DeKalb County sold the property to Heartwood 11, LLC, which later quitclaimed the property to Harpagon.

responsibility for the payment of the interim fees of the special master. In a separate related case, Davis now appeals that order as well.

*Case No. S06A0895*

1. Davis contends that the special master erred by denying her right to a jury trial in Harpagon's quiet title action. Because this action was brought pursuant to the conventional quia timet statute, OCGA § 23-3-40, Davis had no right to a jury trial. *Johnson v. Red Hill Assoc., Inc.*, 278 Ga. 334 (2) (602 SE2d 572) (2004).

2. Davis argues that the special master erred in its finding that a valid fi. fa. was issued by DeKalb County, contending that the fi. fa. failed to include a valid handwritten signature of the tax commissioner, rather than a computer-generated signature.

> "Words traced with a pen, or stamped, printed, or made legible by any other device whereby such act is for the purpose of putting down a [person's] name at the end of an instrument to attest its validity, and is adopted by the party whose name is so signed, is a sufficient signature and signing of the instrument to which it is signed. [Cit.]"

*Bank of Ringgold v. Poarch*, 30 Ga. App. 102-103 (a) (117 SE 114) (1923).[3] Here, the tax commissioner appropriately attached his signature to the fi. fa., and the special master properly rejected Davis' contentions to the contrary.

3. Davis contends that the special master erred by finding that she had been notified of the transfer of the fi. fa. to Agio Corporation. The trial court found that Davis, as a matter of fact, was notified of the transfer, and the record supports the special master's conclusion. In a 1996 bankruptcy filing, Davis listed Agio Corporation as one of her creditors, thereby showing that she was fully aware that Agio Corporation, as one of her creditors, held the fi. fa. relating to her property.

4. Davis argues that the special master erred by finding that a question of fact remained as to whether a proper levy of her property occurred in accordance with OCGA § 9-13-12. Davis contends that no actual levy occurred because the levy was not properly entered on the fi. fa. and the tax records, and she contends that no constructive levy

---

[3] Although Davis contends that the fi. fa. in this instance was not properly signed pursuant to the Electronic Records and Signatures Act, OCGA § 10-12-1 et seq., she admits that this act did not become effective until April 22, 1997, after the fi. fa. in this case had already been issued. As a result, this Act is not applicable in this case.

occurred because there is no proof that any appropriate party otherwise levied on her property.

The record supports the special master's ruling. Davis questions whether a levy occurred based on deposition testimony from representatives of the DeKalb County Sheriff's office that raised significant questions whether required entries of the levy, including the necessary description of Davis' property, were appropriately made on the fi. fa. and in the sheriff's records. On the other hand, however, Harpagon presented a tax sale deed which recited that the formalities required for a levy had been honored, thereby providing evidence that some seizure of the property had occurred. See, e.g., *Pennington v. Palmer*, 49 Ga. App. 540 (176 SE 697) (1934); OCGA § 48-5-359. This conflicting evidence created a question of fact whether an actual or constructive levy occurred or not. Therefore, the special master appropriately preserved this issue for consideration by the trier of fact.

5. Davis contends that Harpagon provided insufficient evidence on which to determine that a tax sale actually took place because the deed generated by the tax sale was not properly signed by the sheriff. The record shows, however, that the deed in question was properly stamped with the sheriff's signature. *Bank of Ringgold*, supra, 30 Ga. App. at 103 (a). Therefore, contrary to Davis' contention, the tax sale deed was appropriately signed.

6. Davis contends that Harpagon failed to show that the requisite notice of the tax sale was given to or received by her, arguing that the documents from the sheriff's office which were offered to establish this notice were not properly authenticated. Pretermitting the efficacy of Davis' argument, any failure to provide the appropriate tax notice would not serve as a basis for nullifying the ultimate tax sale. It is "the rule in this state that defects in following the notice provisions of the tax sale statute may give an injured party a claim for damages, but will not render the tax sale or the deed therefrom void." (Citation omitted.) *GE Capital Mortgage Svcs. v. Clack*, 271 Ga. 82, 83 (1) (a) (515 SE2d 619) (1999).

7. Davis also contends that Harpagon failed to properly provide notice of foreclosure of her right of redemption, arguing that the notification was improperly delivered by a private process server rather than the sheriff. This argument, however, has previously been rejected. *Tharp v. Vesta Holdings I, LLC*, 276 Ga. App. 901 (1) (c) (625 SE2d 46) (2005); *Harper v. Foxworthy, Inc.*, 254 Ga. App. 495 (1) (562 SE2d 736) (2002).

*Case No. S06A1137*

8. In her related case, Davis contends that the trial court erred by requiring her to immediately pay the interim fees of the special master. For the reasons set forth below, we agree with this contention.

As a general rule, in civil actions other than injunctions, a trial court, upon the filing of a notice of appeal, loses jurisdiction to modify or enforce a judgment which is the subject of the appeal during the period of supersedeas. See generally OCGA § 5-6-46. On the other hand, matters which are independent of and distinct from the judgment on appeal remain within the jurisdiction of the trial court. "[T]he notice of appeal . . . does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal." (Citation omitted.) *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982). In this case, ultimate responsibility for the fees of the special master is directly related to the resolution of Harpagon's quiet title action. As such, the trial court lacked jurisdiction to order payment of interim fees to the special master, and that award must be vacated.

*Judgment affirmed in Case No. S06A0895. Judgment vacated in Case No. S06A1137. All the Justices concur.*

DECIDED OCTOBER 16, 2006 —
RECONSIDERATION DENIED NOVEMBER 20, 2006.

*Francis X. Moore, Rachel E. Sullivan*, for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Michelle L. Thomas, William A. Castings, Jr., Proctor, Chambers & Hutchins, Robert J. Proctor, Bradley A. Hutchins, John C. Clark, Adam C. Caskey*, for appellee.