S08A0644. DAVIS et al. v. HARPAGON COMPANY, LLC.

(661 SE2d 545)

MELTON, Justice.

This is the third appearance of this tax sale before this Court. In *Davis v. Harpagon Co., LLC*, 281 Ga. 250 (637 SE2d 1) (2006), we set forth the general facts of this case as follows:

> The record shows that, around January 7, 1997, the DeKalb County Tax Commissioner issued a writ of execution, or fieri facias (fi. fa.), based on Davis' failure to pay the 1996 ad valorem property tax due on her home. On April 16, 1997, the Tax Commissioner transferred the fi. fa. to MIICA, a third-party corporation. MIICA, in turn, apparently transferred the fi. fa. to Agio Corporation, which sought out a levy of Davis' property. On August 6, 2002, a tax sale was conducted, and Davis' property was sold to an affiliate of the Harpagon Company, LLC, the defendant herein. After waiting the required year following the tax sale, see OCGA § 48-4-45 (a), Harpagon notified Davis of the barment of her right to redeem the property through a private process server. Davis, however, failed to redeem the property by paying the statutory redemption amount. OCGA § 48-4-42. On April 21, 2004, Harpagon filed a petition to quiet title pursuant to OCGA § 23-3-40. The case was presided over by a special master, and the parties filed cross-motions for summary judgment. Following a hearing, the special master determined that a genuine issue of material fact remained regarding whether there had been a proper levy on the property. The special master further determined that, contrary to Davis' contentions, she had sufficiently been placed on notice of both the transfer of the fi. fa. to Agio Corporation and the barment of her right of redemption. Davis chose to appeal this decision, filing a notice of appeal on September 2, 2005.

(Footnotes omitted.) Davis challenged almost every aspect of the tax sale of her home, including whether the levy had been properly entered in the DeKalb County Sheriff's records in accordance with OCGA § 9-13-12. After reviewing all of the claims, this Court determined that, solely with regard to whether there had been a proper levy on the property, there appeared to be some question of fact based on OCGA § 9-11-30 (b) (6) deposition testimony from Dorcas Y. Jernigan, the civil process coordinator who testified as the Sheriff's representative.

After the case returned to the trial court, Harpagon filed a motion for summary judgment on the issue of the levy's propriety and attached to its motion affidavits from representatives of the Sheriff indicating that the levy had properly occurred. Over Davis' objections, the trial court considered these affidavits and exhibits. The affidavits in question were from Rebecca Wilkerson, who was the civil process coordinator at the time that the tax sale of Davis' home took place, and Jernigan, who was Wilkerson's successor.[1] Wilkerson testified by affidavit that she caused a deputy sheriff to tack a Notice of Execution of Levy to Davis' door, she confirmed with the deputy that he did so, she directed that a 20-Day and a 10-Day Notice be sent by certified mail to Davis informing her of the levy, and that she made the required entry of the levy in the Sheriff's Execution and Sale docket. Jernigan's affidavit confirmed these facts. In addition, a number of exhibits were attached showing that the levy on Davis' home had, in fact, occurred. The trial court, therefore, granted Harpagon's motion for summary judgment, and Davis appeals.

1. An entry of levy in the records of a sheriff is the sheriff's declaration that the property has been officially seized for the purposes of a tax sale. See, e.g., *Head v. Lee*, 203 Ga. 191 (3) (45 SE2d 666) (1947). OCGA § 9-13-12 provides: "The officer making a levy shall enter the same on the process by virtue of which levy is made and in the entry shall plainly describe the property levied on and the amount of the interest of defendant therein." In their affidavits accompanying Harpagon's motion for summary judgment, Wilkerson and Jernigan stated that: (1) a sheriff's deputy tacked a notice of the levy on Davis' home;[2] (2) 20-day and 10-day notices were sent to Davis by certified mail;[3] (3) a notice of levy and sale was published in a local newspaper;[4] and (4) a notation with a full legal description of the property and the amount of the interest therein was entered in the Sheriff's records that the property had been levied upon and was subject to sale.[5] In addition to this affidavit testimony, exhibits were also presented which included certified mail receipts of the 20-day and 10-day notices and a photocopy of a page in the Sheriff's file on which the levy was properly noted. This evidence showed that the levy had been entered in the records of the Sheriff and that the property had been officially seized for the purposes of a tax sale. Given the exhibits

---

[1] Jernigan was chosen as the Sheriff's OCGA § 9-11-30 (b) (6) representative because, at the time that the deposition was requested, Wilkerson had already left her employment in the Sheriff's office.

[2] See OCGA § 9-13-13.

[3] See OCGA § 48-3-9 (a) and OCGA § 48-4-1 (a) (1), respectively.

[4] See OCGA § 9-13-140 (a).

[5] See OCGA § 9-13-12.

from the Sheriff's file, no question of fact remains as to whether the Sheriff officially seized the property for purposes of a tax sale.

2. Davis contends that the trial court erred by considering Wilkerson's and Jernigan's affidavits because they contained hearsay information based on documents from the Sheriff's file which were not subject to the business records exception to the rule against hearsay. This argument is erroneous.

OCGA § 24-3-14 (b) provides:

> Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter.

In addition, OCGA § 24-3-14 (d) instructs that this provision shall be liberally interpreted and applied.

In this case, Jernigan referred to a number of documents in her affidavit which were contained in the Sheriff's files, including, among other things, the entry of the levy in the Sheriff's file. Before referring to these documents, Jernigan states that, as Civil Process Coordinator, she "maintains all documents and files relating to all tax sales conducted by the Sheriff" and that all of the documents to which she refers were contained in the files kept by her.[6] Construing OCGA § 24-3-14 (b) liberally, this testimony provided a sufficient basis for the trial court to determine that the documents were made and kept in the regular course of the Sheriff's business. Accordingly, the affidavit testimony and the accompanying exhibits were admissible in evidence to show that the levy had occurred by official seizure of the property.

3. Davis contends that the trial court improperly deprived her of her right to discovery by denying her motion pursuant to OCGA § 9-11-56 (f) to allow additional discovery outside of the standard discovery period. In denying this motion, the trial court pointed out that Davis waited at least three months after the discovery period lapsed to make this motion and she provided the trial court with no

---

[6] This testimony is further supported by Jernigan's detailed testimony in her OCGA § 9-11-30 (b) (6) deposition during which she explained her duties and the manner in which the Sheriff's files are compiled and maintained.

facts supporting any basis for granting the motion. Given these findings by the trial court, coupled with the fact that Davis has provided no facts or precedent supporting her contention on appeal, we cannot say that the trial court abused its discretion in denying her motion for additional discovery.

4. Davis argues that Georgia's statutory tax sale scheme violates due process guarantees contained in both the United States and Georgia Constitutions. There is no ruling by the trial court on this point, however, and we do not reach constitutional questions which have not been considered and distinctly ruled on by the trial court. See *Santana v. Ga. Power Co.*, 269 Ga. 127 (6) (498 SE2d 521) (1998).

5. Davis contends that the trial court erred by determining that the Special Master was not required to recuse himself from this case. The record shows that Davis filed a motion to recuse pursuant to Uniform Superior Court Rule 25.1. This Rule states:

> All motions to recuse or disqualify a judge presiding in a particular case or proceeding shall be timely filed in writing and all evidence thereon shall be presented by accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded. Filing and presentation to the judge shall be not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause be shown for failure to meet such time requirements. In no event shall the motion be allowed to delay the trial or proceeding.

Although Davis raises a number of troubling grounds, it does not appear that Davis raised these grounds either within five days of discovering them or at least ten days prior to the applicable hearing. Furthermore, Davis failed to file an accompanying affidavit with her motion, as required. Therefore, because Davis' motion was untimely and she failed to file the required affidavit, the trial court did not err by rejecting it, and we do not reach the merits of Davis' allegations.

6. We find that Davis' remaining enumerations of error, to the extent that they have not been fully addressed above, are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2008.

*Francis X. Moore, Beth E. Rogers*, for appellants.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Deputy Attorney General, Michelle L. Thomas, William A. Castings, Jr., Proctor Hutchins, Robert J. Proctor, Bradley A. Hutchins, John C. Clark, McLarty, Robinson & Van Voorhies, John E. Robinson,* for appellee.