A09A1735. DAVIS v. THE HARPAGON COMPANY, LLC.
(686 SE2d 259)

BLACKBURN, Presiding Judge.

In this civil action, arising from The Harpagon Company, LLC's ("Harpagon") purchase at a tax sale of property formerly owned by Karen Davis, Davis appeals the trial court's grant of a writ of possession of the subject property to Harpagon. Harpagon moves to dismiss the appeal, pursuant to OCGA § 9-7-22 (c), arguing that Davis has failed to pay special master's fees that are required to be paid prior to any further appeal. We agree and therefore dismiss Davis's appeal.

This is Davis's fourth appeal in this matter.[1] The general facts of

---

[7] Appellees' motion to award penalty for frivolous appeal is denied.

[1] The prior appeals before the Supreme Court of Georgia were *Davis v. Harpagon Co.*, 281 Ga. 250 (637 SE2d 1) (2006) ("*Davis I*") and *Davis v. Harpagon Co.*, 283 Ga. 539 (661 SE2d 545) (2008) ("*Davis II*").

the case are set forth in *Davis I* as follows:

> [A]round January 7, 1997, the DeKalb County Tax Commissioner issued a writ of execution, or fieri facias (fi. fa.), based on Davis's failure to pay the 1996 ad valorem property tax due on her home. On April 16, 1997, the Tax Commissioner transferred the fi. fa. to MIICA, a third-party corporation. MIICA, in turn, apparently transferred the fi. fa. to Agio Corporation, which sought out a levy of Davis's property. On August 6, 2002, a tax sale was conducted, and Davis's property was sold to an affiliate of [Harpagon]. After waiting the required year following the tax sale, see OCGA § 48-4-45 (a), Harpagon notified Davis of the barment of her right to redeem the property through a private process server. Davis, however, failed to redeem the property by paying the statutory redemption amount. OCGA § 48-4-42.
>
> On April 21, 2004, Harpagon filed a petition to quiet title pursuant to OCGA § 23-3-40. The case was presided over by a special master, and the parties filed cross-motions for summary judgment. Following a hearing, the special master determined that a genuine issue of material fact remained regarding whether there had been a proper levy on the property. The special master further determined that, contrary to Davis's contentions, she had sufficiently been placed on notice of both the transfer of the fi. fa. to Agio Corporation and the barment of her right of redemption. Davis chose to appeal this decision. . . . While that appeal was pending, the trial court ordered the parties to share responsibility for the payment of the interim fees of the special master. In a separate related case, Davis [appealed] that order as well.

(Footnotes omitted.) *Davis I*, supra, 281 Ga. at 250-251. In *Davis I*, the Supreme Court rejected nearly all of Davis's claims but held that there was a question of fact as to whether there had been a proper levy on the property. Id. at 252 (4). The Supreme Court also held that the trial court did not have jurisdiction to levy special master's fees while there was a pending appeal. Id. at 253 (8).

After the case returned to the trial court, Harpagon filed a motion for summary judgment on the issue of the levy's propriety, which the trial court granted. *Davis II*, supra, 283 Ga. at 540. Subsequently, Davis again appealed to the Supreme Court, alleging several enumerations of error. In *Davis II*, the Supreme Court rejected Davis's claims of error and affirmed the trial court's grant of summary judgment to Harpagon on the issue of the levy's propriety.

Id. at 540-541 (1).

When the case again returned to the trial court, the court entered an order that made the Supreme Court's remittitur the final order in the quiet title action. Thereafter, Harpagon petitioned for a writ of possession for the subject property, which the trial court granted after a hearing. At the same time, the trial court also issued an order that assessed the special master's fees to be paid by each party. Specifically, the trial court assessed $17,299.09 in fees to Davis and her attorney and assessed the remaining $11,532.73 in fees to Harpagon. Davis again filed a notice of appeal to the Supreme Court of Georgia. However, the Supreme Court issued an order, transferring the appeal to the Court of Appeals on the ground that the matter no longer involved title to land and that this Court has jurisdiction over writ-of-possession cases. See *Jordan v. Atlanta Neighborhood Housing Svcs.*[2]

1. Davis appeals the trial court's grant of a writ of possession to Harpagon, alleging five separate enumerations of error. However, Harpagon contends that Davis's appeal should be dismissed for failure to pay the assessed special master's fees. We agree.

OCGA § 9-7-22 (c) provides that the "fees of the auditor shall be assessed as court costs and shall be paid prior to the filing of any appeal from the judgment of the court. . . ." "The term 'auditor,' for purposes of the statute, is broad enough to include 'special master.' " *E.I. DuPont de Nemours & Co. v. Waters.*[3] See OCGA § 9-7-1 ("[t]he duties heretofore performed by a master in the superior court shall be performed by an auditor"). Under OCGA § 9-7-22 (c), the requirement to pay the assessed auditor fees before filing an appeal "is mandatory and jurisdictional." *Sorrentino v. Boston Mut. Life Ins. Co.*[4] It is undisputed that Davis has yet to pay the special master's fees. In addition, there is no indication in the record that Davis filed or was granted an affidavit of indigence, which would allow her to waive payment of the special master's fees. Accordingly, Davis's appeal is hereby dismissed. See id.

2. In light of our decision to dismiss this appeal, Davis's motion to supplement the appellate record and her motion to hold Harpagon and its counsel in contempt are denied.

*Appeal dismissed. Adams and Doyle, JJ., concur.*

---

[2] *Jordan v. Atlanta Neighborhood Housing Svcs.*, 251 Ga. 37, 37-38 (302 SE2d 568) (1983).

[3] *E.I. DuPont de Nemours & Co. v. Waters*, 298 Ga. App. 843, 845 (1), n. 2 (681 SE2d 651) (2009).

[4] *Sorrentino v. Boston Mut. Life Ins. Co.*, 206 Ga. App. 771, 772 (2) (426 SE2d 594) (1992).

DECIDED SEPTEMBER 3, 2009 —
RECONSIDERATION DENIED OCTOBER 28, 2009

*Francis X. Moore*, for appellant.

*Proctor Hutchins, Robert J. Proctor, Bradley A. Hutchins, John C. Clark, Michelle L. Thomas, William A. Castings, Jr., John E. Robinson*, for appellee.