# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-1154** (Webster County 14-F-46)

**Dona Yvonne Jarvis, Defendant Below,**
**Petitioner**

**FILED**

November 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dona Yvonne Jarvis, by counsel Teresa Monk, appeals the Circuit Court of Webster County's October 10, 2014, order sentencing her to a term of incarceration of one to five years for her conviction of conspiracy and a term of incarceration of two to ten years for her conviction of operating or attempting to operate a clandestine drug lab. The State, by counsel Jonathan E. Porter, filed a response. On appeal, petitioner alleges that the circuit court erred in denying her motion to suppress the evidence obtained during a search of her home because she alleges the search was unlawful.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, several law enforcement officers went to petitioner's home after receiving information that Kenny Mathis, a wanted individual, was hiding there. When the officers approached the front door and knocked, a male individual came to the door, saw the officer, and ran to the back of the home. This individual was later identified as Robert Lusk, one of petitioner's co-defendants. Eventually, Leroy Allen, another co-defendant, answered the door and invited the officers inside. Mr. Allen directed the officers to the back of the house where they would find petitioner, the owner of the home, and Mr. Lusk, a resident. Upon entering the bedroom to speak to petitioner, the officers detected the smell of methamphetamine manufacturing and observed a methamphetamine lab in a bottle on a nightstand. The officers then asked petitioner and Mr. Lusk for permission to search the home, stating that the individuals could either consent or wait, supervised, while the officers obtained a search warrant. Both petitioner and Mr. Lusk executed written permission for the officers to search the residence, during which the officers discovered methamphetamine precursors, marijuana, diazepam, and klonopin. The occupants of the home were all arrested and charged with a variety of drug and conspiracy charges.

1

In August of 2014, the circuit court held a hearing on petitioner's motion to suppress the evidence from the search and seizure of her home. Ultimately, the circuit court denied the motion to suppress because of petitioner's voluntary consent to search. Specifically, the circuit court found that the search was voluntarily allowed, that officers had not threatened the occupants, and that Mr. Lusk's detailed statement claiming the materials belonged to him further strengthened the voluntary nature of the interaction. That same month, petitioner entered into a plea agreement whereby she reserved the right to appeal the suppression ruling. In October of 2014, the circuit court sentenced petitioner to a term of incarceration of two to ten years for her conviction of operation of a clandestine drug lab, and a term of incarceration of one to five years for her conviction of conspiracy, said sentences to run concurrently. It is from the sentencing order that petitioner appeals.

We have previously established the following standard of review:

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syl. Pt. 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 4, *State v. Brock*, 235 W.Va. 394, 774 S.E.2d 60 (2015). Further,

> "[i]n contrast to a review of the circuit court's factual findings, the ultimate determination as to whether a search or seizure was reasonable under the Fourth Amendment to the United States Constitution and Section 6 of Article III of the West Virginia Constitution is a question of law that is reviewed *de novo* . . . . Thus, a circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or based on the entire record, it is clear that a mistake has been made." Syl. Pt. 2, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

*Id.* at --, 774 S.E.2d at 63, syl. pt. 5, in part. On appeal, petitioner's assignment of error is based entirely on allegedly erroneous findings of fact below. Specifically, petitioner argues that the circuit court found that petitioner's consent to search the home "cured" the officer's initial illegal entry into the home. However, the record is clear that the circuit court made no such finding and, moreover, that the officer's initial entry into the home was not illegal.

While it may be true that the circuit court questioned the initial legality of the officer's entry into the home during the hearing on the motion to suppress, it ultimately found that after Leroy Allen answered the door, law enforcement asked for petitioner and Mr. Allen "told the officer that "[petitioner] was in the back room and directed the officer toward the room." Based on this finding, it is clear that the circuit court found that Mr. Allen allowed the officer into the residence. Further, we have previously held that "[i]t is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton*, 219 W.Va. 478, 483, 637 S.E.2d

2

576, 581 (2006). As such, the Court finds that the circuit court's only finding in regard to the officer's entry into the home was that Mr. Allen allowed him access to the residence.

In addressing similar situations, we have held that "in making a factual assessment concerning the existence of voluntary consent, the inquiry focuses upon whether the facts available to the officer at the moment of entry [']warrant a man of reasonable caution in the belief['] that the party had voluntarily authorized the officer's entry onto the premises." *State v. Buzzard*, 194 W.Va. 544, 550, 461 S.E.2d 50, 56 (1995) (quoting *Illinois v. Rodriguez*, 497 U.S. 177, 188, 110 S.Ct. 2793, 2801 (1990)). Based upon the evidence below, it is clear the officer in question reasonably believed that Mr. Allen voluntarily authorized his entry into the residence. However, it is unclear from the record whether Mr. Allen had common authority over the home such that he could authorize the officer's entry. Regardless, such authority is unnecessary given that the United States Supreme Court has clearly held that a warrantless entry is valid when based upon the consent of a third party whom the police, at the time of the entry, reasonably believe to possess common authority over the premises, even if that third party does not possess such common authority. *See Illinois v. Rodriguez*, 497 U.S. 177, 188, 110 S.Ct. 2793, 2801 (1990). For these reasons, it is clear that the officer's entry into petitioner's home was not illegal.

Petitioner next argues that the circuit court erred in denying her motion to suppress upon a finding that the officer in question did not coerce petitioner into consenting to the search by threatening her. In support, petitioner alleges that once the officer observed the smell of methamphetamine and the lab itself, he threatened to make her wait "outside in the cold" while he obtained a warrant. We have held that

> "'[w]hether a consent to a search is in fact voluntary or is the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances.' Syllabus Point 8, *State v. Craft*, 165 W.Va. 741, 272 S.E.2d 46 (1980)." Syl.Pt. 4, *State v. Worley*, 179 W.Va. 403, 369 S.E.2d 706, cert. denied, 488 U.S. 895, 109 S.Ct. 236, 102 L.Ed.2d 226 (1988).

*Buzzard*, 194 W.Va. at 545, 461 S.E.2d at 51, syl. pt. 2 (1995). Our review of the record shows that the only evidence before the circuit court was that the officer indicated that petitioner had the option of waiting, supervised, in a law enforcement vehicle while they obtained a warrant. As such, it is clear that no threats were used to obtain petitioner's consent to search the premises. For these reasons, we find no error in the circuit court denying petitioner's motion to suppress.

For the foregoing reasons, the circuit court's October 10, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II