**FIFTH DIVISION**
**MCFADDEN,**
**BRANCH and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 14, 2016**

# In the Court of Appeals of Georgia

A17A0038. DEBORAH JEAN RICHARDS WILLIAMS, et al. v.
MINERVA TAX RECEIVABLES, LLC, et al.

BRANCH, Judge.

Minerva Tax Receivables, LLC ("Minerva"), filed a quiet title action against Deborah Jean Richards Williams following a foreclosure sale. Williams filed counterclaims against Minerva and additional counterclaim-defendants. The trial court referred the matter to a special master, who issued a report finding that Minerva was entitled to the property and that Williams's counterclaims were an impermissible collateral attack on the underlying foreclosure sale. Based upon the report, the trial court entered final judgment in favor of Minerva and vested it with fee simple title to the property free of Williams's claims. The court ordered Minerva and Williams to pay $3,179.73 each in special master's fees within 30 days. Williams appeals.

Minerva has moved to dismiss the appeal on the ground that Williams has not paid her portion of the special master's fee. Under OCGA § 9-7-22 (c),

> [t]he fees of an auditor, as determined and fixed by the judge, shall be included in and made a part of the judgment of the court. The fees of the auditor shall be assessed as court costs and shall be paid prior to the filing of any appeal from the judgment . . . .

In *Davis v. Harpagon Co.*, 300 Ga. App. 644 (686 SE2d 259) (2009), we held that the term "auditor" in OCGA § 9-7-22 (c) includes a special master appointed in a quiet title action. Id. at 646 (1). Additionally, "the requirement to pay the assessed auditor fees before filing an appeal 'is mandatory and jurisdictional.'" Id. (citing *Sorrentino v. Boston Mut. Life Ins. Co.*, 206 Ga. App. 771, 772 (2) (426 SE2d 594) (1992)).

Williams concedes that she has not paid her portion of the special master's fee. She argues, however, that the trial court should not have ordered her to pay the fee. She cites *Davis v. Harpagon Co.*, 281 Ga. 250 (637 SE2d 1) (2006), an earlier interlocutory appeal in the *Harpagon* litigation, in which the Supreme Court ruled that the trial court lost jurisdiction to assess interim special master's fees after a notice of appeal had been filed. Id. at 253 (8). That rule does not apply in this case, in which the trial court entered a final judgment including an assessment of special master's fees *before* Williams filed her notice of appeal. Williams also argues that Minerva

2

should be responsible for the entire special master's fee because Minerva should have lost below on the merits. But Williams has no right to challenge the merits of the trial court's ruling until she satisfies the jurisdictional requirements for a direct appeal, including paying her portion of the special master's fee.

Because Williams has failed to satisfy this jurisdictional requirement, Minerva's motion to dismiss is hereby granted, and this appeal is hereby dismissed for lack of jurisdiction. See *Harpagon*, 300 Ga. App. at 646 (1) (dismissing quiet title appeal because appellant "has yet to pay the special master's fees").

*Appeal dismissed. McFadden and Peterson, JJ., concur.*